UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-mj-4616

UNITED STATES OF AMERICA

v.

ALON ALEXANDER, and
OREN ALEXANDER

      Defendants,
_____/

## MOTION FOR A LIMITED PROTECTIVE ORDER
## REGULATING DISCLOSURE OF *JECNKS*/SECTION 3500 MATERIAL

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States of America files this motion for a protective order regulating disclosure of the *Jencks*/Section 3500 material in this case and certain sensitive information contained therein that has been requested by the defendants in connection with a pre-trial detention hearing. The United States has conferred with counsel for the defendants, who, with the exception to the objection to one provision of the proposed order, described below, do not object to the entry of a protective order.

On December 11, 2024, a grand jury sitting in the Southern District of New York returned a superseding indictment, S1 24 Cr. 676 (VEC) (S.D.N.Y) (the "Indictment"), charging the Defendants in two counts each with: (1) participating in a sex trafficking conspiracy from at least 2010 through at least 2021, in violation of 18 U.S.C. § 1594(c) (Count One); and (2) sex trafficking Victim-2 by force, fraud, and coercion, in violation of 18 U.S.C. §§ 1591(a) and (b)(1) and 2 (Count Three). The defendants were arrested on December 11, 2024, and were processed in Miami-Dade County Criminal Court for separate charges of committing one or more sexual assaults in violation of Florida law. On December 19, 2024, the defendants were transferred to

federal custody to face the charges in the Indictment. During an initial appearance before Judge Ellen F. D'Angelo on December 20, 2024, a detention hearing was scheduled for December 30, 2024. (Dkt. nos. 4 and 5). In advance of the detention hearing, counsel for the defendants have requested *Jencks*/Section 3500 material for the witness expected to testify at that hearing (the "Requested Materials").

The Requested Materials include sensitive information concerning government witnesses and the evidence in the criminal case against the defendant. In the normal course of litigation, the Requested Materials would be produced later, in accordance with the discovery schedule set in the District Court, and subject to the terms of a protective order issued by that court. As the defendants have not yet made an appearance in New York, and because counsel for the defendants in the New York case have not yet been identified, there is not yet a discovery schedule set in that court, and there is not yet a protective order.

In the absence of a discovery schedule and protective order in the District Court, the Government agrees to produce the Requested Materials[1] prior to the cross-examination of the Government's witness at the pre-trial detention hearing. However, the Government seeks protections that will protect against the improper dissemination or use of the Requested Materials. The Government respectfully submits that the equities favor this Court placing reasonable limitations on the way the defense may use the Requested Materials in relation to the pre-trial detention hearing. Rule 16(d)(l) of the Federal Rules of Criminal Procedure provides that the Court "may, for good cause, deny, restrict, or defer discovery or inspection" of discovery materials.

---

[1] The Government's witness is the author of an FBI report that contains the witness's secondary account of the sexual assault of one victim. At the detention hearing, the Government will move orally for a ruling that the report is beyond the scope of the agent's testimony at the hearing and therefore not subject to production, and/or that good cause exists, pursuant to Federal Rule of Criminal Procedure 46(j), to not require the production of the report.

The Court has broad discretion to regulate and restrict discovery and the disclosure of discovery materials. *See United States v. Campa,* 529 F.3d 980, 995 (11th Cir. 2008) (recognizing the "broad authority of the district court to regulate discovery"); *see also Alderman v. United States,* 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

In light of the foregoing, the United States respectfully requests that the Court enter an order placing the following restrictions on the pre-trial detention discovery materials to be made available to the defendants for the pre-trial detention hearing in this case:

1. Counsel for the Government will provide the *Jencks*/Section 3500 materials to counsel for the defendants for use during cross examination at a pre-trial detention hearing, in paper form or electronically in a "view only" format, prior to the Government's obligation to produce discovery in this case;

2. Counsel for the defendants shall not provide the *Jencks*/Section 3500 material to any person except as specified by the Court, nor make any copies of the *Jencks*/Section 3500 material;

3. Counsel for the defendants shall not disclose any of the information in the *Jencks*/Section 3500 material to anyone other than the named defendants, attorneys of record for the named defendants and attorneys, or staff from that defense counsels' law offices in order to prepare for the cross-examination of the government agent at the pre-trial detention hearing;

4. Counsel for the defendants shall maintain a list of all individuals to whom the information contained in the *Jencks*/Section 3500 material was disclosed; this list is not subject to disclosure to the Government;

5. Counsel for the defendants will return the hard copies of the *Jencks*/Section 3500 material at the conclusion of the pre-trial detention hearing at which the government agent is testifying; electronic "view only" access to the material will end at the same time; and

6. Counsel for the Government and for the defendants shall promptly report any known violations of the Court's order to the Court.

The undersigned has conferred with counsel for the defendants about the proposed order. Defense counsel does not object to the entry of a protective order but does object to the provision in paragraph 5 that the materials must be returned "at the conclusion of the pre-trial detention hearing <u>at which the government agent is testifying</u>." Defense counsel instead seeks to maintain the materials through the completion of a detention hearing for Oren Alexander at which no agent would testify, which counsel has requested to take place on January 3, 2025.[2] The Government opposes the defendants' request to maintain the materials for a hearing where the agent would not testify because "Jencks Act statements are strictly limited to impeachment" and therefore have no applicability at a hearing without testimony. *United States v. Delgado*, 56 F.3d 1357, 1364 (11th Cir. 1995).

---

[2] Counsel for Oren Alexander has asked to adjourn his detention hearing from December 30, 2024, until January 3, 2025. (Dkt. no. 7). In making the request for the adjournment, counsel has agreed to forgo additional government witness testimony and cross examination at a rescheduled hearing and to accept the agent testimony from the detention hearings for Tal Alexander and Alon Alexander. (*Id.* at 2). The Government did not oppose the adjournment request, subject to the agreement that the defendant would accept the agent testimony from the prior hearings.

WHEREFORE the United States of America respectfully moves this Court to issue the proposed Limited Protective Order.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: /s/ *Lauren A. Astigarraga*
Lauren A. Astigarraga
Assistant United States Attorney
FL Bar No. 0119473
99 N.E. 4th Street
Miami, FL 33132
Telephone (305) 961-9105
Lauren.Astigarraga@usdoj.gov

EDWARD Y. KIM
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF NEW YORK

By: /s/
Kaiya Arroyo
Elizabeth A. Espinosa
Andrew Jones
Assistant United States Attorneys
26 Federal Plaza, 37th Floor
New York, NY 10278
Telephone (212) 637-2249
Andrew.Jones2@usdoj.gov