# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: <u>1:24−mj−04616−EFD−2</u>

Case title: USA v. Alexander et al

Date Filed: 12/20/2024

Date Terminated: 01/08/2025

Assigned to: Magistrate Judge Ellen F. D'Angelo

**<u>Defendant (2)</u>**

| | |
|---|---|
| **Oren Alexander**<br>52667−511<br>*YOB: 1987; English*<br>*TERMINATED: 01/08/2025* | represented by **Richard Carroll Klugh , Jr.**<br>25 SE 2nd Avenue<br>Suite 1100<br>Miami, FL 33131<br>305−536−1191<br>Fax: 305−536−2170<br>Email: rickklu@aol.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | **Howard Milton Srebnick**<br>Black Srebnick, P.A.<br>201 S Biscayne Blvd, Ste 1300<br>Miami, FL 33131<br>305−371−6421<br>Fax: 305−358−2006<br>Email: HSrebnick@RoyBlack.com<br>*ATTORNEY TO BE NOTICED* |
| | **Joel M. Denaro**<br>Joel Denaro, P.A.<br>1000 Brickell Avenue<br>Suite 201<br>Miami, FL 33131<br>305−371−1883<br>Email: jdenaro@joeldenarolaw.com<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Temporary* |

**<u>Pending Counts</u>**

None

**<u>Disposition</u>**

**<u>Highest Offense Level (Opening)</u>**

None

1

**Terminated Counts**                                   **Disposition**

None

**Highest Offense Level
(Terminated)**

None

**Complaints**                                          **Disposition**

WARRANT\SOUTHERN
DISTRICT OF NEW
YORK\SUPERSEDING
INDICTMENT\ 18 U.S.C. § 1594 –
Conspiracy to commit sex
trafficking by force, fraud, and
coercion 18 U.S.C. §§ 1591(a),
(b)(1) and 2 – Sex trafficking by
force, fraud, and coercion, and
aiding and abetting same

---

**Plaintiff**

**USA**                                   represented by   **Noticing AUSA CR TP/SR**
                                                           Email: Usafls.transferprob@usdoj.gov
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*
                                                           Designation: Retained

                                                           **Lauren Alexandra Astigarraga**
                                                           DOJ–USAO
                                                           99 NE 4th St
                                                           Miami, FL 33132
                                                           305–961–9000
                                                           Email: lauren.astigarraga@usdoj.gov
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*
                                                           Designation: Retained

| Date Filed | # | Docket Text |
|---|---|---|
| 01/08/2025 | 35 | COMMITMENT TO ANOTHER DISTRICT as to Oren Alexander. Defendant committed to District of Southern District of New York. Closing Case for Defendant. Signed by Ch. Magistrate Judge Edwin G. Torres on 1/8/2025. *See attached document for full details.* (kan) (Entered: 01/09/2025) |
| 01/08/2025 | 34 | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Oren Alexander.(kan) (Entered: 01/09/2025) |
| 01/08/2025 | 32 | PAPERLESS Order Resetting Removal Hearing as to Oren Alexander |

| | | |
|---|---|---|
| | | The Removal Hearing previously set for 1/9/2025 is now placed on the 1/8/2025 Duty Calendar in the Miami Division before Ch. Magistrate Judge Edwin G. Torres.<br><br>Signed by Chief Magistrate Judge Edwin G. Torres on 1/8/2025. (MJS) (Entered: 01/08/2025) |
| 01/08/2025 | 31 | PAPERLESS Order Setting Removal Hearing as to Oren Alexander<br><br>A Removal Hearing for Defendant Oren Alexander is set for the Duty Calendar on 1/9/2025 at 01:30 PM in the Miami Division before Chief Magistrate Judge Edwin G. Torres.<br><br>Signed by Chief Magistrate Judge Edwin G. Torres on 1/8/2025. (MJS) (Entered: 01/08/2025) |
| 01/08/2025 | 30 | PAPERLESS Order Cancelling Pretrial Detention Hearing as to Oren Alexander<br><br>Upon stipulation of the parties, the pre–trial detention hearing set for 01/08/25 at 3:30 PM is cancelled.<br><br>Signed by Chief Magistrate Judge Edwin G. Torres on 1/8/2025. (MJS) (Entered: 01/08/2025) |
| 01/07/2025 | 33 | Minute Order for proceedings held before Ch. Magistrate Judge Edwin G. Torres: Status Conference RE: Pretrial Detention Hearing as to Oren Alexander held on 1/7/2025. The Parties stipulate to PTD with the right to revisit. No hearing held. Removal Hearing as to Oren Alexander held on 1/7/2025. Defendant waives removal. Defendant ordered removed to the Southern District of New York. (Digital 14:38:57) Signed by Ch. Magistrate Judge Edwin G. Torres (kan) (Entered: 01/09/2025) |
| 01/07/2025 | 29 | Minute Order for proceedings held before Ch. Magistrate Judge Edwin G. Torres: Status Conference re: Removal/Pretrial Detention Hearing as to Oren Alexander held on 1/7/2025. Defendant not present; due to miscommunication with USMS. ( Pretrial Detention Hearing set for 1/8/2025 03:30 PM in Miami Division before MIA Duty Magistrate Judge., Removal Hearing set for 1/8/2025 03:30 PM in Miami Division before MIA Duty Magistrate Judge.). (Digital 13:45:17) Signed by Ch. Magistrate Judge Edwin G. Torres (fbn) (Entered: 01/07/2025) |
| 01/05/2025 | 20 | TRANSCRIPT of Detention and Removal Hearing as to Oren Alexander held on 1/3/2025 before Magistrate Judge Eduardo I. Sanchez, 1–18 pages, Court Reporter: Jill Wells, 305–523–5158 / Jill_Wells@flsd.uscourts.gov. (Digital EIS2501031016.41:009.) Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/27/2025. Redacted Transcript Deadline set for 2/5/2025. Release of Transcript Restriction set for 4/7/2025. (Wells, Jill) (Entered: 01/05/2025) |
| 01/03/2025 | 27 | Minute Order for proceedings held before Magistrate Judge Eduardo I. Sanchez: Status Conference re: Pretrial Detention and Removal Hearing as to Oren Alexander held on 1/3/2025. Defense Ore Tenus Motion to reset the Detention and Removal Hearing to 1/7/25–GRANTED. ( Pretrial Detention Hearing set for 1/7/2025 at 01:30 PM in the Miami Division before MIA Duty Magistrate Judge., Removal Hearing set for 1/7/2025 at 01:30 PM in the Miami Division before MIA Duty Magistrate Judge.). (Digital 11:07:22; 11:08:10) Signed by Magistrate Judge Eduardo I. Sanchez (fbn) |

| | | (Entered: 01/06/2025) |
|---|---|---|
| 01/03/2025 | 26 | PAPERLESS ORDER granting 25 Defense Motion to reset Pretrial Detention and Removal Hearing as to Oren Alexander (2). Pretrial Detention Hearing set for 1/7/2025 at 01:30 PM in the Miami Division before MIA Duty Magistrate Judge. Removal Hearing set for 1/7/2025 at 01:30 PM in the Miami Division before MIA Duty Magistrate Judge. Signed by Magistrate Judge Eduardo I. Sanchez (fbn) (Entered: 01/06/2025) |
| 01/03/2025 | 25 | **ORAL** DEFENSE MOTION to reset Detention and Removal Hearing by Oren Alexander. (fbn) (Entered: 01/06/2025) |
| 01/02/2025 | 16 | SUPPLEMENT to 8 Defendant's MOTION for Bond *Memorandum in Support* filed by Alon Alexander by Alon Alexander as to Alon Alexander, Oren Alexander (Astigarraga, Lauren) (Entered: 01/02/2025) |
| 12/30/2024 | 11 | ORDER granting 9 Motion for Limited Protective Order as to Alon Alexander (1), Oren Alexander (2). Signed by Magistrate Judge Eduardo I. Sanchez on 12/30/2024. *See attached document for full details.* (kan) Modified text on 12/30/2024 (kan). (Entered: 12/30/2024) |
| 12/30/2024 | 10 | PAPERLESS ORDER granting 7 Motion to Continue Detention Hearing as to Oren Alexander (2). Detention Hearing reset for 1/3/2025 10:00 AM in Miami Division before MIA Duty Magistrate Judge. Removal Hearing reset for 1/3/2025 10:00 AM in Miami Division before MIA Duty Magistrate Judge. Signed by Magistrate Judge Eduardo I. Sanchez on 12/30/2024. (kan) (Entered: 12/30/2024) |
| 12/30/2024 | 9 | MOTION for Protective Order by Alon Alexander, Oren Alexander. Attorney Lauren Alexandra Astigarraga added to party Alon Alexander(pty:dft), Attorney Lauren Alexandra Astigarraga added to party Oren Alexander(pty:dft). Responses due by 1/13/2025. (Attachments: # 1 Text of Proposed Order)(Astigarraga, Lauren) (Entered: 12/30/2024) |
| 12/27/2024 | 7 | Unopposed MOTION to Continue *Detention Hearing as to Oren Alexander* by Oren Alexander. Responses due by 1/10/2025. (Klugh, Richard) (Entered: 12/27/2024) |
| 12/26/2024 | 6 | NOTICE OF ATTORNEY APPEARANCE: Richard Carroll Klugh, Jr appearing for Oren Alexander . Attorney Richard Carroll Klugh, Jr added to party Oren Alexander(pty:dft). (Klugh, Richard) (Entered: 12/26/2024) |
| 12/20/2024 | 5 | Minute Order for proceedings held before Magistrate Judge Ellen F. D'Angelo: Initial Appearance as to Oren Alexander held on 12/20/2024. Bond recommendation/set: Oren Alexander (2) Government recommends PTD based on risk of flight and danger to the community. Date of Arrest or Surrender: 12/19/2024. Detention Hearing set for 12/30/2024 10:00 AM in Miami Division before MIA Duty Magistrate Judge. Removal Hearing set for 12/30/2024 10:00 AM in Miami Division before MIA Duty Magistrate Judge. (Digital 14:16:10) Signed by Magistrate Judge Ellen F. D'Angelo (fbn) (Entered: 12/23/2024) |
| 12/20/2024 | 3 | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: Joel M. Denaro appearing for Oren Alexander (at) (Entered: 12/23/2024) |
| 12/20/2024 | 1 | Magistrate Judge Removal of Superseding Indictment from Southern District of New York Case number in the other District 24–CR–676 as to Alon Alexander (1), Oren Alexander (2). (kan) (Entered: 12/20/2024) |

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of New York ▾

FILED BY _____ mp _____ D.C.

Dec 20, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

United States of America
v.

Alon Alexander

*Defendant*

)
)
)
)
)
)
)

**24-MJ-4616-D'ANGELO**

Case No.

24 CRIM 676

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   Alon Alexander                                                                ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment        ☐ Superseding Indictment        ☐ Information        ☐ Superseding Information        ☐ Complaint
☐ Probation Violation Petition        ☐ Supervised Release Violation Petition        ☐ Violation Notice        ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1594 - conspiracy to commit sex trafficking by force, fraud, and coercion
18 U.S.C. §§ 1591(a), (b)(1) and 2 - sex trafficking by force, fraud, and coercion, and aiding and abetting same

Date:     12/06/2024                            _Tammi M. Hellwig_

                                                *Issuing officer's signature*

City and state:   New York, New York                    **Tammi M. Hellwig**

                                                *Printed name and title*

| Return |
|--------|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____                              _____ *Arresting officer's signature* |
|                                                  _____ *Printed name and title* |

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of New York ▾

FILED BY _____ mp _____ D.C.

Dec 20, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

|  |  |
|---|---|
| United States of America | **24-MJ-4616-D'ANGELO** |
| v. ) | |
| ) | Case No. |
| ) | |
| Oren Alexander ) | |
| ) | 24 CRIM 676 |
| ) | |
| *Defendant* | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

        **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*    Oren Alexander                                                                                                    ,

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment          ☐ Superseding Indictment          ☐ Information          ☐ Superseding Information          ☐ Complaint

☐ Probation Violation Petition          ☐ Supervised Release Violation Petition          ☐ Violation Notice          ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1594 - conspiracy to commit sex trafficking by force, fraud, and coercion
18 U.S.C. §§ 1591(a), (b)(1) and 2 - sex trafficking by force, fraud, and coercion, and aiding and abetting same

Date:     12/06/2024                                                    *Tammi M. Hellwig*

                                                                        *Issuing officer's signature*

                                                                        **Tammi M. Hellwig**

City and state:     New York, New York

                                                                        *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ |
| at *(city and state)* _____ . |
| Date: _____                          _____ |
|                                               *Arresting officer's signature* |
|                                               _____ |
|                                               *Printed name and title* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**24-MJ-4616-D'ANGELO**

UNITED STATES OF AMERICA

**SUPERSEDING INDICTMENT**

v.

S1 24 Cr. 676

ALON ALEXANDER,
OREN ALEXANDER, and
TAL ALEXANDER,

                                    Defendants.

---

**COUNT ONE**
**(Conspiracy to Commit Sex Trafficking)**

The Grand Jury charges:

**OVERVIEW**

1.      For well over a decade and at all times relevant to this indictment, ALON
ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER (collectively, the
"ALEXANDER BROTHERS"), the defendants, worked together and with others known and
unknown, to repeatedly and violently drug, sexually assault, and rape dozens of victims. At times,
the ALEXANDER BROTHERS arranged for these sexual assaults well in advance, using the
promise of luxury experiences, travel, and accommodations to lure and entice women to locations
where they were then forcibly raped or sexually assaulted, sometimes by multiple men, including
one or more of the ALEXANDER BROTHERS. Other times, the ALEXANDER BROTHERS
encountered and chose their victims by chance. Often, the ALEXANDER BROTHERS drugged
their victims before assaulting them, preventing them from fighting back or escaping.

2.      ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the
defendants, worked together and with others to carry out and facilitate their sex trafficking scheme,

including on some occasions by committing forcible rapes and sexual assaults together and with others, jointly arranging domestic and international travel and accommodations, and jointly financing the scheme.

## BACKGROUND

3.      ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, are brothers.  ALON ALEXANDER and OREN ALEXANDER are twins and TAL ALEXANDER is approximately one year older.  At all times relevant to this Indictment, OREN ALEXANDER and TAL ALEXANDER were real estate agents who focused on ultra-luxury markets in New York City, Miami, Florida, and other locations.  Since at least in or around 2012, ALON ALEXANDER has been an executive of a private security firm owned and operated by his family.

4.      Starting in at least in or about 2010, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, and others known and unknown, operated a long-running sex trafficking scheme, as part of which they raped and sexually assaulted women to whom they had provided material benefits, including domestic and international travel to vacation destinations, luxury accommodations at high-end hotels and vacation properties, and access to other luxury experiences and events.  The ALEXANDER BROTHERS' scheme was based in, among other places, Manhattan, New York and Miami, Florida, where the defendants maintained residences and where their businesses were based.

5.      To carry out and facilitate their sex trafficking scheme, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, used deception, fraud, and coercion, to cause victims to travel with them or meet them in private locations.  Thereafter, the ALEXANDER BROTHERS used various methods, including drugging the victims and, at times,

physical force, to rape and sexually assault the victims—sometimes alone and sometimes together. In particular, the defendants used the following means and methods, among others, to carry out their sex trafficking scheme:

a.      The ALEXANDER BROTHERS used their wealth and positions to create and facilitate opportunities to rape and sexually assault women.  In particular, on multiple occasions, OREN ALEXANDER and TAL ALEXANDER used their prominent positions in the real estate industry to induce other women to attend events and parties, and to meet other women at those events and parties, whom one or more of the defendants later sexually assaulted.

b.      The ALEXANDER BROTHERS worked together and with other men to arrange events and domestic and international trips they used as bait to recruit, entice, harbor, transport, and maintain multiple women.  During the events and trips, the defendants frequently raped and sexually assaulted the women they enticed to attend.

c.      At times, the ALEXANDER BROTHERS used social connections or the guise of starting a relationship to lure and entice women to meet with one or more of them at a public place or group event, or to travel to meet one or more of the defendants.  On multiple occasions, the defendants—alone or together—then sexually assaulted the woman, sometimes within hours of their meeting.  Immediately following the sexual assaults, the defendants sometimes offered the victims material items, including travel, concert tickets, and other luxury experiences.

d.      Some trips and events were organized by the ALEXANDER BROTHERS well in advance and involved domestic and international travel.  The ALEXANDER BROTHERS worked together and with others to recruit women to attend these events and trips.  The defendants, at times with others, shared photographs of women to select those they found sufficiently attractive

to invite. The defendants and other men organizing the trip then contacted the women, including through social media or dating applications, and induced the women to attend by, among other things, offering to purchase their flights, making other travel arrangements, and/or providing accommodations without charge.

   e. In addition to inviting women to their events directly, the ALEXANDER BROTHERS and others worked with party promoters to arrange for women to attend events or travel with them, in order to ensure that there were a sufficient number of women present.

   f. On some occasions, after the women accepted the invitations to attend a particular event, the ALEXANDER BROTHERS transported women and caused women to be transported across state and international lines. The defendants and other men attending the trips pooled financial resources in order to pay for flights and other travel expenses for the women.

   g. In advance of the events, the ALEXANDER BROTHERS and others procured drugs that they agreed to provide to the women, including, among other things, cocaine, mushrooms, and GHB. On multiple occasions during these events and trips, the ALEXANDER BROTHERS and others surreptitiously drugged women's drinks. Some of the victims experienced symptoms of impaired physical and mental capacity, including limitations of movement and speech and incomplete memories of events.

   h. The ALEXANDER BROTHERS, sometimes acting alone, sometimes with each other, and sometimes with other men, forcibly raped or sexually assaulted their victims. At times, the defendants physically restrained and held down their victims during the rapes and sexual assaults and ignored screams and explicit requests to stop.

   6. The agreement between ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, encompassed numerous other acts of sexual violence in addition

4

to sexual assaults during planned trips and events. On numerous occasions, the ALEXANDER BROTHERS drugged and raped or sexually assaulted women they encountered by chance, including women they met at bars and nightclubs, social events, and on dating applications. The ALEXANDER BROTHERS similarly carried out these rapes and sexual assaults by, among other things, drugging and incapacitating victims, taking victims to isolated locations, physically restraining victims while raping and sexually assaulting them alone, together, and with other men, and ignoring victims' explicit demands to stop.

## STATUTORY ALLEGATIONS

7.      From at least in or about 2010, up to and including at least in or about 2021, in the Southern District of New York and elsewhere, in and affecting interstate commerce, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, and others known and unknown, knowingly, did combine, conspire, confederate and agree to recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit, by any means, persons, and to benefit, financially and by receiving anything of value, from participation in a venture which has engaged in any such act, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the persons to engage in commercial sex acts, in violation of Title 18, United States Code, Section 1591(a)(1) and (b)(1), to wit, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, and others known and unknown, agreed to recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit women, including but not limited to Victim-1 and Victim-2, as alleged in Counts Two and Three respectively, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion, would be used to cause the women, including but not

limited to Victim-1 and Victim-2, to engage in commercial sex acts.

(Title 18, United States Code, Section 1594(c).)

## COUNT TWO
### (Sex Trafficking of Victim-1 by Force, Fraud, or Coercion)

The Grand Jury further charges:

8.    In or about July 2011, in the Southern District of New York and elsewhere, TAL ALEXANDER, the defendant, knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, and did benefit, financially and by receiving anything of value, from participation in a venture which has engaged in any such act, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in commercial sex acts, to wit, TAL ALEXANDER recruited, enticed, harbored, transported, provided, obtained, and maintained, and aided and abetted the recruitment, enticement, harboring, transportation, obtaining, and maintaining of, Victim-1, and caused Victim-1 to engage in at least one commercial sex act, knowing, and in reckless disregard of the fact that Victim-1 was engaging in the commercial sex act as result of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a) and (b)(1), and (2).)

## COUNT THREE
### (Sex Trafficking of Victim-2 by Force, Fraud, or Coercion)

The Grand Jury further charges:

9.    In or about September 2016, in the Southern District of New York and elsewhere, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, knowingly, in and affecting interstate and foreign commerce, did recruit, entice,

harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means a person, and did benefit, financially and by receiving anything of value, from participation in a venture which has engaged in any such act, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in commercial sex acts, in violation of Title 18, United States Code, Section 1591(a)(l) and (b)(l), to wit ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, and solicited, and aided and abetted the recruitment, enticement, harboring, transportation, obtaining, maintaining, patronizing, and soliciting of, Victim-2, and caused Victim-2 to engage in at least one commercial sex act, knowing, and in reckless disregard of the fact that Victim-2 was engaging in the commercial sex act as result of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a) and (b)(1), and (2).)

## FORFEITURE ALLEGATIONS

10.     As a result of committing the offenses alleged in Counts One through Three of this Indictment, ALON ALEXANDER, OREN ALEXANDER, and TAL ALEXANDER, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594, any and all property, real and personal, involved in, used, or intended to be used to commit or to facilitate the commission of said offenses; any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offenses; and any and all property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and proceeds traceable to the commission of said offenses.

**Substitute Assets Provision**

11.      If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third person;

      c.  has been placed beyond the jurisdiction of the Court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 1594;
Title 21, United States Codes, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON      12/11/24

_Damian Williams_
DAMIAN WILLIAMS
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _24 mJ 4616 - D Angelo_

UNITED STATES OF AMERICA,
                    Plaintiff,

v.                                                    **NOTICE OF TEMPORARY**
                                                      **APPEARANCE AS COUNSEL**

_Oren Alexander_

                    Defendant.
_____/

        COMES NOW _____JOEL DENARO_____ and

files this temporary appearance as counsel for the above named defendant(s) at initial appearance.

This appearance is made with the **understanding** that the undersigned counsel will fulfill any

**obligations imposed** by the Court such as **preparing and filing documents** necessary to

collateralize any personal surety bond which may be set.

Counsel's Name (**Printed**): _____JOEL DENARO_____

Counsel's Signature: _____Joel Denaro_____

Address (include City/State/Zip Code):

_1000 Brickell Ave_
_Suite 201 Miami Fla 33131_

Telephone: _305-371 1803_        Florida Bar Number: _0164460_

Date: _Dec 20, 2024_

# MINUTE ORDER

Page 7

## Magistrate Judge Ellen F. D'Angelo

**King Building Courtroom 10-4**     Date: 12/20/24     Time: 2:00 p.m.

Defendant: Oren Alexander     J#: 52667-511     Case #: 24-MJ-4616-D'ANGELO

AUSA: Angela Benoit     Attorney: Joel Denaro (Temp)

Violation: Conspiracy to Commit Sex Trafficking by Force, Fraud and Coercion/Sex Trafficking by Force, Fraud & Coercion     Surr/Arrest Date: 12/19/24     YOB: 1987

Proceeding: Initial Appearance     CJA Appt:

Bond/PTD Held: ◌ Yes  ◌ No     Recommended Bond: Pretrial Detention

Bond Set at: _____     Co-signed by: _____

Language: English

☐ Surrender and/or do not obtain passports/travel docs

☐ Report to PTS as directed/or _____ x's a week/month by phone: _____ x's a week/month in person

☐ Random urine testing by Pretrial Services _____
Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses, except through counsel

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or Curfew _____ pm to _____ am, paid by _____

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☐ Travel extended to: _____

☐ Other: _____

**Disposition:**

Defendant advised of rights and charges. Defendant sworn.

Government recommends Pretrial Detention based on risk of flight and danger to the community. Court grants recommendation, defendant held.

Time from today to _____ excluded from Speedy Trial Clock

**NEXT COURT APPEARANCE**     Date:     Time:     Judge:     Place:

Report RE Counsel:

PTD/Bond Hearing: **12/30/24 @ 10:00 am**     MIAMI DUTY

Prelim/Arraign or **Removal: 12/30/24 @ 10:00 am**     MIAMI DUTY

Status Conference RE:

D.A.R. 14:16:10     Time in Court: 7

s/Ellen F. D'Angelo     Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-mj-04616-D'ANGELO


UNITED STATES of AMERICA,

     Plaintiff,

v.

OREN ALEXANDER,

     Defendant.

_____/

## **NOTICE OF PERMANENT APPEARANCE OF COUNSEL**

     Notice is hereby given that attorney Richard C. Klugh, of the law firm Klugh Wilson LLC, hereby appears as counsel for Oren Alexander in this case in substitution of prior temporary counsel.

                               Respectfully submitted,

                               KLUGH WILSON LLC

                               By: _/s/ *Richard C. Klugh*_____
                                    Richard C. Klugh
                                    Attorney for Defendant
                                    40 N.W. 3rd Street, PH 1
                                    Miami, Florida 33128
                                      Fla. Bar No. 305294
                                      Tel: (305) 536-1191

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-mj-04616-D'ANGELO

UNITED STATES of AMERICA,

      Plaintiff,

v.

OREN ALEXANDER,

      Defendant.

_____/

## MOTION TO CONTINUE DETENTION HEARING FROM MONDAY, DECEMBER 30, 2024 TO FRIDAY, JAUARY 3, 2025

Oren Alexander, through undersigned counsel, hereby moves to briefly continue his detention hearing for a period of four days from Monday to Friday of next week to permit recently retained counsel to complete preparation for the hearing and to accommodate counsel's need to prepare for and obtain a retinal surgical procedure scheduled for next week. Mr. Alexander states the following grounds in support of this continuance.

Mr. Alexander made his initial appearance on December 20, 2024, and a detention hearing is currently scheduled for December 30, 2024. Since making his initial appearance, Mr. Alexander has made arrangements to retain undersigned counsel to represent him, and undersigned counsel entered his appearance in this matter yesterday.

The instant case presents multiple complex factual and legal issues. Bond

proceedings as to a co-defendant were lengthy and involved detailed financial, biographical, and other matters as to which undersigned counsel has just commenced reviewing to assure that the presentation made on the defendant's behalf is accurate and complete. At the same time, counsel is scheduled for a surgical treatment for retinal problems in the coming week, for which preparation is required and resolution is needed. Counsel has been using steroids to mitigate side effects of the vision problem and will be best able to proceed with the hearing following the scheduled treatment. To assure that the defendant has the benefit of adequate representation at the crucial detention hearing scheduled for next week, we request a brief continuance of four days, to Friday, January 3, 2025..

Independently of counsel's recent bout with retinal and related issues, counsel has identified specific needs for additional investigation and record preparation anticipatory to the detention hearing. The facts are complex, and it will take time to reach out to witnesses, research the relevant factual and legal issues, and gather evidence to present to the Court.

Mr. Alexander is thus requesting a brief continuance of his detention hearing to Friday, Jan. 3, 2025. Undersigned counsel conferred with counsel for the government. Assistant United States Attorney Kaiya Orroyo represented that the government does not oppose the continuance, provided that Mr. Oren Alexander agrees to accept the testimony of the agents at Tal and Alon Alexander's hearings, given the resources required to transport an agent to the Southern District of Florida. Oren Alexander agrees to this modification and requests the continuance pursuant to this agreement.

WHEREFORE, the defendant, Oren Alexander, hereby requests that his detention hearing be continued to Friday, Jan. 3, 2025.

2

Respectfully submitted,

KLUGH WILSON LLC

By: /s/ *Richard C. Klugh*
      Richard C. Klugh
      Attorney for Defendant
      40 N.W. 3rd Street, PH 1
      Miami, Florida 33128
      Fla. Bar No. 305294
      Tel: (305) 536-1191

3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-mj-4616

**UNITED STATES OF AMERICA**

**v.**

**ALON ALEXANDER, and**
**OREN ALEXANDER**

      **Defendants,**

_____/

### MOTION FOR A LIMITED PROTECTIVE ORDER
### REGULATING DISCLOSURE OF *JECNKS*/SECTION 3500 MATERIAL

      Pursuant to Federal Rule of Criminal Procedure 16(d), the United States of America files

this motion for a protective order regulating disclosure of the *Jencks*/Section 3500 material in this

case and certain sensitive information contained therein that has been requested by the defendants

in connection with a pre-trial detention hearing. The United States has conferred with counsel for

the defendants, who, with the exception to the objection to one provision of the proposed order,

described below, do not object to the entry of a protective order.

      On December 11, 2024, a grand jury sitting in the Southern District of New York returned

a superseding indictment, S1 24 Cr. 676 (VEC) (S.D.N.Y) (the "Indictment"), charging the

Defendants in two counts each with: (1) participating in a sex trafficking conspiracy from at least

2010 through at least 2021, in violation of 18 U.S.C. § 1594(c) (Count One); and (2) sex trafficking

Victim-2 by force, fraud, and coercion, in violation of 18 U.S.C. §§ 1591(a) and (b)(1) and 2

(Count Three).  The defendants were arrested on December 11, 2024, and were processed in

Miami-Dade County Criminal Court for separate charges of committing one or more sexual

assaults in violation of Florida law. On December 19, 2024, the defendants were transferred to

federal custody to face the charges in the Indictment. During an initial appearance before Judge Ellen F. D'Angelo on December 20, 2024, a detention hearing was scheduled for December 30, 2024. (Dkt. nos. 4 and 5). In advance of the detention hearing, counsel for the defendants have requested *Jencks*/Section 3500 material for the witness expected to testify at that hearing (the "Requested Materials").

The Requested Materials include sensitive information concerning government witnesses and the evidence in the criminal case against the defendant. In the normal course of litigation, the Requested Materials would be produced later, in accordance with the discovery schedule set in the District Court, and subject to the terms of a protective order issued by that court. As the defendants have not yet made an appearance in New York, and because counsel for the defendants in the New York case have not yet been identified, there is not yet a discovery schedule set in that court, and there is not yet a protective order.

In the absence of a discovery schedule and protective order in the District Court, the Government agrees to produce the Requested Materials[1] prior to the cross-examination of the Government's witness at the pre-trial detention hearing. However, the Government seeks protections that will protect against the improper dissemination or use of the Requested Materials. The Government respectfully submits that the equities favor this Court placing reasonable limitations on the way the defense may use the Requested Materials in relation to the pre-trial detention hearing. Rule 16(d)(l) of the Federal Rules of Criminal Procedure provides that the Court "may, for good cause, deny, restrict, or defer discovery or inspection" of discovery materials.

---

[1] The Government's witness is the author of an FBI report that contains the witness's secondary account of the sexual assault of one victim. At the detention hearing, the Government will move orally for a ruling that the report is beyond the scope of the agent's testimony at the hearing and therefore not subject to production, and/or that good cause exists, pursuant to Federal Rule of Criminal Procedure 46(j), to not require the production of the report.

2

The Court has broad discretion to regulate and restrict discovery and the disclosure of discovery materials. *See United States v. Campa,* 529 F.3d 980, 995 (11th Cir. 2008) (recognizing the "broad authority of the district court to regulate discovery"); *see also Alderman v. United States,* 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

In light of the foregoing, the United States respectfully requests that the Court enter an order placing the following restrictions on the pre-trial detention discovery materials to be made available to the defendants for the pre-trial detention hearing in this case:

1. Counsel for the Government will provide the *Jencks*/Section 3500 materials to counsel for the defendants for use during cross examination at a pre-trial detention hearing, in paper form or electronically in a "view only" format, prior to the Government's obligation to produce discovery in this case;

2. Counsel for the defendants shall not provide the *Jencks*/Section 3500 material to any person except as specified by the Court, nor make any copies of the *Jencks*/Section 3500 material;

3. Counsel for the defendants shall not disclose any of the information in the *Jencks*/Section 3500 material to anyone other than the named defendants, attorneys of record for the named defendants and attorneys, or staff from that defense counsels' law offices in order to prepare for the cross-examination of the government agent at the pre-trial detention hearing;

4. Counsel for the defendants shall maintain a list of all individuals to whom the information contained in the *Jencks*/Section 3500 material was disclosed; this list is not subject to disclosure to the Government;

5. Counsel for the defendants will return the hard copies of the *Jencks*/Section 3500 material at the conclusion of the pre-trial detention hearing at which the government agent is testifying; electronic "view only" access to the material will end at the same time; and

6. Counsel for the Government and for the defendants shall promptly report any known violations of the Court's order to the Court.

The undersigned has conferred with counsel for the defendants about the proposed order. Defense counsel does not object to the entry of a protective order but does object to the provision in paragraph 5 that the materials must be returned "at the conclusion of the pre-trial detention hearing at which the government agent is testifying." Defense counsel instead seeks to maintain the materials through the completion of a detention hearing for Oren Alexander at which no agent would testify, which counsel has requested to take place on January 3, 2025.[2] The Government opposes the defendants' request to maintain the materials for a hearing where the agent would not testify because "Jencks Act statements are strictly limited to impeachment" and therefore have no applicability at a hearing without testimony. *United States v. Delgado*, 56 F.3d 1357, 1364 (11th Cir. 1995).

---

[2] Counsel for Oren Alexander has asked to adjourn his detention hearing from December 30, 2024, until January 3, 2025. (Dkt. no. 7). In making the request for the adjournment, counsel has agreed to forgo additional government witness testimony and cross examination at a rescheduled hearing and to accept the agent testimony from the detention hearings for Tal Alexander and Alon Alexander. (*Id.* at 2). The Government did not oppose the adjournment request, subject to the agreement that the defendant would accept the agent testimony from the prior hearings.

WHEREFORE the United States of America respectfully moves this Court to issue the proposed Limited Protective Order.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:    */s/ Lauren A. Astigarraga*
       Lauren A. Astigarraga
       Assistant United States Attorney
       FL Bar No. 0119473
       99 N.E. 4th Street
       Miami, FL 33132
       Telephone (305) 961-9105
       Lauren.Astigarraga@usdoj.gov

EDWARD Y. KIM
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF NEW YORK

By:    */s/*
       Kaiya Arroyo
       Elizabeth A. Espinosa
       Andrew Jones
       Assistant United States Attorneys
       26 Federal Plaza, 37th Floor
       New York, NY 10278
       Telephone (212) 637-2249
       Andrew.Jones2@usdoj.gov

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-mj-4616

**UNITED STATES OF AMERICA**

**v.**

**ALON ALEXANDER, and**
**OREN ALEXANDER**

      **Defendants,**

_____/

### <u>LIMITED PROTECTIVE ORDER</u>

**THIS CAUSE** came before the Court on the Government's Motion for a Limited Protective Order Regulating Disclosure of *Jencks*/Section 3500 Material. Having considered the Government's Motion, and being otherwise fully advised in this premises, it is hereby **ORDERED** and **ADJUDGED** that the Government's Motion is **GRANTED**. Pursuant to Federal Rule of Criminal Procedure 16(d), it is further ordered that:

1. Counsel for the Government will provide the *Jencks*/Section 3500 materials to counsel for the defendants for use during cross examination at a pre-trial detention hearing, in paper form or electronically in a "view only" format, prior to the Government's obligation to produce discovery in this case;

2. Counsel for the defendants shall not provide the *Jencks*/Section 3500 material to any person except as specified by the Court, nor make any copies of the *Jencks*/Section 3500 material;

3. Counsel for the defendants shall not disclose any of the information in the *Jencks*/Section 3500 material to anyone other than the named defendants, attorneys of record for the named defendants and attorneys, or staff from that defense counsels' law offices in order to prepare for the cross-examination of the government agent at the pre-trial detention hearing;

4. Counsel for the defendants shall maintain a list of all individuals to whom the information contained in the *Jencks*/Section 3500 material was disclosed; this list is not subject to disclosure to the Government;

5.  Counsel for the defendants will return the hard copies of the *Jencks*/Section 3500 material at the conclusion of the pre-trial detention hearing at which the government agent is testifying; electronic "view only" access to the material will end at the same time; and

6.  Counsel for the Government and for the defendants shall promptly report any known violations of the Court's order to the Court.

**DONE AND ORDERED** in Miami, Florida, this _____ day of December, 2024.


_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

2

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Lauren Alexandra Astigarraga (andrea.samper@usdoj.gov,
caseview.ecf@usdoj.gov, lauren.astigarraga@usdoj.gov, usafls-hqdkt@usdoj.gov), Joel M.
Denaro (jdenaro@uprfirm.com), Richard Carroll Klugh, Jr
(allison.bradley@uprfirm.com, klughlawoffice@gmail.com, rickklu@aol.com), Noticing AUSA CR
TP/SR (usafls.transferprob@usdoj.gov), Howard Milton Srebnick
(blacksrebnick@ecf.courtdrive.com, hreiner@royblack.com, hsrebnick@royblack.com),
Magistrate Judge Ellen F. D'Angelo (dangelo@flsd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:25068618@flsd.uscourts.gov
Subject:Activity in Case 1:24-mj-04616-EFD USA v. Alexander et al Order on Motion to
Continue
Content-Type: text/html
```

## U.S. District Court

## Southern District of Florida

**Notice of Electronic Filing**

The following transaction was entered on 12/30/2024 at 10:15 AM EST and filed on 12/30/2024

| | |
|---|---|
| **Case Name:** | USA v. Alexander et al |
| **Case Number:** | 1:24–mj–04616–EFD |
| **Filer:** | |
| **Document Number:** | 10(No document attached) |

**Docket Text:**
 **PAPERLESS ORDER granting [7] Motion to Continue Detention Hearing as to Oren Alexander (2). Detention Hearing reset for 1/3/2025 10:00 AM in Miami Division before MIA Duty Magistrate Judge. Removal Hearing reset for 1/3/2025 10:00 AM in Miami Division before MIA Duty Magistrate Judge. Signed by Magistrate Judge Eduardo I. Sanchez on 12/30/2024. (kan)**

**1:24–mj–04616–EFD–2 Notice has been electronically mailed to:**

Noticing AUSA CR TP/SR &nbsp &nbsp Usafls.transferprob@usdoj.gov

Howard Milton Srebnick &nbsp &nbsp HSrebnick@RoyBlack.com, blacksrebnick@ecf.courtdrive.com, hreiner@royblack.com

Joel M. Denaro &nbsp &nbsp jdenaro@joeldenarolaw.com

Lauren Alexandra Astigarraga &nbsp &nbsp lauren.astigarraga@usdoj.gov, Andrea.Samper@usdoj.gov, CaseView.ECF@usdoj.gov, usafls–hqdkt@usdoj.gov

Richard Carroll Klugh , Jr &nbsp &nbsp rickklu@aol.com, allison.bradley@uprfirm.com, klughlawoffice@gmail.com

**1:24–mj–04616–EFD–2 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-mj-4616

**UNITED STATES OF AMERICA**

**v.**

**ALON ALEXANDER, and**
**OREN ALEXANDER**

      **Defendants,**
_____/

### LIMITED PROTECTIVE ORDER

    **THIS CAUSE** came before the Court on the Government's Motion for a Limited Protective Order Regulating Disclosure of *Jencks*/Section 3500 Material. Having considered the Government's Motion, and being otherwise fully advised in this premises, it is hereby **ORDERED** and **ADJUDGED** that the Government's Motion is **GRANTED**. Pursuant to Federal Rule of Criminal Procedure 16(d), it is further ordered that:

1. Counsel for the Government will provide the *Jencks*/Section 3500 materials to counsel for the defendants for use during cross examination at a pre-trial detention hearing, in paper form or electronically in a "view only" format, prior to the Government's obligation to produce discovery in this case;

2. Counsel for the defendants shall not provide the *Jencks*/Section 3500 material to any person except as specified by the Court, nor make any copies of the *Jencks*/Section 3500 material;

3. Counsel for the defendants shall not disclose any of the information in the *Jencks*/Section 3500 material to anyone other than the named defendants, attorneys of record for the named defendants and attorneys, or staff from that defense counsels' law offices in order to prepare for the cross-examination of the government agent at the pre-trial detention hearing;

4. Counsel for the defendants shall maintain a list of all individuals to whom the information contained in the *Jencks*/Section 3500 material was disclosed; this list is not subject to disclosure to the Government;

5. Counsel for the defendants will return the hard copies of the *Jencks*/Section 3500 material at the conclusion of the pre-trial detention hearing at which the government agent is testifying; electronic "view only" access to the material will end at the same time; and

6. Counsel for the Government and for the defendants shall promptly report any known violations of the Court's order to the Court.

**DONE AND ORDERED** in Miami, Florida, this 30ᵀᴴ day of December, 2024.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-mj-4616

**UNITED STATES OF AMERICA**

**vs.**

**ALON ALEXANDER, and**
**OREN ALEXANDER**

      **Defendants,**

_____

## SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO
## DEFENDANTS' MOTIONS FOR PRETRIAL RELEASE

The government respectfully submits this brief supplemental memorandum in further opposition of the application for pretrial release by the Defendants, Alon Alexander and Oren Alexander. Specifically, the government writes to address the proposed bail package, which amounts to a private jail in the residence of a family friend.

"[T]he Bail Reform Act does not permit a two-tiered bail system in which defendants of lesser means are detained pending trial while wealthy defendants are released to self-funded private jails." *United States v. Boustani*, 932 F.3d 79, 82 (2d Cir. 2019). This principle protects the Constitution's guarantee of equal protection and ensures all defendants—poor, wealthy, and even the uber-wealthy—are treated the same under the law. The Defendants here seek to circumvent this basic tenet of justice and buy their way out of jail by hiring guards to watch them inside a luxury condo. The Court should deny the Defendants' attempts to leverage their wealth to receive special treatment. As an initial matter, the law forbids it under the circumstances. Moreover, the Defendants' proposed private security solution, an arrangement that literally puts the guards in the employ of the inmates, cannot satisfy the requirements of the Bail Reform Act.

For these reasons, and as described in the government's prior submission and during argument before the Court, the Defendants should remain detained pending trial.

Alon Alexander, Oren Alexander and their brother and co-defendant, Tal Alexander, have joined a group of wealthy individuals charged with sex trafficking and similar offenses who have attempted to buy their way out of federal detention by funding their own private jails. Courts presented with these proposals have rejected them for what they are: efforts to use money and privilege to receive special treatment in the justice system. *See, e.g.*, *United States v. Combs*, No. 24 Cr. 542 (AS), 2024 WL 4903741, at *3 (S.D.N.Y. Nov. 27, 2024); *United States v. Maxwell*, 510 F. Supp. 3d 165, 177 (S.D.N.Y. 2020); *United States v. Epstein*, 425 F. Supp. 3d 306, 326 (S.D.N.Y. 2019); *United States v. Raniere*, No. 18 Cr. 204 (NGG), 2018 WL 3057702, at *7 (E.D.N.Y. June 20, 2018); *United States v. Valerio*, 9 F. Supp. 3d 283, 296 (E.D.N.Y. 2014).[1] At least two flaws in those private jail proposals are similarly fatal to the Defendants' proposal here: First, the Bail Reform Act, except in a very limited circumstance, forbids usings privately funded detention as a condition of bail. And second, by its very nature, private guards are a poor, ineffective substitute for actual pretrial detention of a defendant.

In *United States v. Boustani*, the Second Circuit directly confronted this issue and held that the Bail Reform Act permits the use of private guards to avoid pretrial detention only where the

---

[1] Although *Boustani* and many of these district court cases relying on that decision are from the Second Circuit, they are directly relevant to the circumstances here. *See also United States v. Bothra*, No. 19-1953, 2019 WL 8883664, at * 2 (6th Cir. Nov. 5, 2019) (describing *Boustani*'s reasoning as "persuasive"); *United States v. Rudolph*, 582 F. Supp. 3d 804, 817 (D. Colo. 2022) ("the Bail Reform Act does not permit a two-tiered bail system in which defendants of lesser means are detained pending trial while wealthy defendants are released to self-funded private jails") (quoting *Boustani*); *United States v. Freitekh*, No. 20 Cr. 435, 2022 WL 1415666, at *2 (W.D.N.C. May 4, 2022) (same). Moreover, any decision from this Court on pretrial detention, if appealed, would be heard in the Southern District of New York, where the indictment against the Defendants was returned and where *Boustani* is binding law.

defendant is detained on risk of flight premised on his wealth. "[A] defendant may be released on such a condition only where, *but for* his wealth, he would not have been detained." *Boustani*, 932 F.3d 82 (emphasis in original). This, however, is the exception to the rule. Where, as here, there are additional factors that require detention—including other factors going to risk of flight—the use of private security guards is not permitted under the Bail Reform Act. *See id.* ("[I]f a similarly situated defendant of lesser means would be detained, a wealthy defendant cannot avoid detention by relying on his personal funds to pay for private detention."); *see also Maxwell*, 510 F. Supp. 3d at 177 ("the Defendant's argument that private security guards could ensure her appearance at future proceedings runs afoul of the Bail Reform Act" because the defendant "would be detained regardless of her wealth"). Circumstances beyond a defendant's wealth that justify pretrial detention, and thus which cannot be mitigated legally through the use of private guards, include, "the seriousness of the charged offenses and the lengthy possible sentence [a defendant] would face if convicted"; the strength and nature of the evidence against the defendant; and a defendant's "personal characteristics, including . . . 'frequent international travel . . . and extensive ties to foreign countries without extradition.'" *Boustani*, 932 F.3d at 83; *see also* 18 U.S.C. § 3142(g).

One upshot of this is that private guards and private detention cannot be relied upon to mitigate the danger a defendant presents to specific individuals or the community or the danger that he will attempt to harass and intimidate witnesses or obstruct justice.[2] But even focusing on

---

[2] The government continues to strongly believe that the Defendants present an extreme danger to the community and that private security would be inadequate to ensure the safety of the community. *See United States v. Agnello*, 101 F. Supp. 2d 108, 114 (E.D.N.Y. 2000) (rejecting home detention, with electronic monitoring, video surveillance, and 24–hour guard posted outside home, and other restrictions, and noting that "[t]hese measures, albeit elaborate, do not assure the safety of other persons and the community in a manner remotely commensurate to pretrial detention in a government facility"). However, because this Court focused on whether private security could ensure the Defendant's appearance in court in its questions at the end of the

the risk of flight, as the district and circuit courts did in *Boustani*, this is a case where the non-wealth factors require the Defendants to be in-custody pending trial to reasonably assure their appearance in court. *See Boustani*, 932 F.3d at 83 ("It is clear that the District Court did not rely primarily on Boustani's personal wealth in finding that he posed a flight risk. Rather, his wealth was one of many factors the Court considered."); *see also United States v. Boustani*, 356 F. Supp. 3d 246, 256-58 (E.D.N.Y. 2019). As Judge Reid noted only three weeks ago when ordering the detention of the defendants' brother and co-conspirator Tal Alexander, it is many factors working together—not only the Defendants' financial resources—including "the strong weight of the evidence; the significant sentence the Defendant faces; and the nature and circumstances of the offense; and the personal characteristics of the Defendant," that require pretrial detention based on risk of flight in this case. *United States v. Alexander*, No. 24 MJ 4544, Dkt. No. 24 at 3-4 (S.D. Fla. Dec 17, 2024) (hereinafter, "T. Alexander Det. Order"); *see also United States v. Alexander*, No. 24 MJ 4544, 2024 WL 5186469, at * 2 (S.D. Fla. Dec. 20, 2024) (order denying motion to reopen detention hearing).

The same considerations that supported Judge Reid's decision to detain the co-defendant are present here as well. In fact, most of the factors demonstrating that Alon and Oren Alexander are serious flight risks have little to do with their wealth. These include, *inter alia*, the nature of their crimes, the possible life sentences they face, the fifteen-year mandatory minimum sentences they face, the prospect of "both incarceration and reputational harm," the strength of the evidence, including the "testimony of numerous victims and witnesses, electronic evidence, physical evidence, and documentary evidence," the Defendants' international contacts, and their frequent

---

December 30, 2024 preliminary detention hearing, the government has focused this letter on risk of flight.

international travel. *See* T. Alexander Det. Order at 3-4. The Defendants' wealth only exacerbates an already clear risk of flight.[3] And just as a defendant of lesser means in the same situation would be detained pending trial (including a defendant with foreign contacts and sufficient wealth to pay for travel but insufficient wealth to hire around-the-clock private guards until a trial concluded), so too must the Defendants be detained here.

Setting aside, however, the impropriety of a private security bail condition under the circumstances of this case, it is also clear that private security would be ineffective and insufficient to ensure the Defendants' appearance in court as required for several reasons.

*First*, there is an inherent conflict of interest present when the prisoner is the one paying his own jailers. *See Epstein*, 425 F. Supp 3d at 326 (noting that there is a "conflict that is created by the salary the 'trustees' are earning from the Defendant and their purported role as independent monitors. (The same problem arises in relation to private 24/7 security guards.)"); *Boustani*, 356 F. Supp. 3d at 257 ("Guidepost employees would face a clear conflict of interest—private prison guards paid by an inmate."); *United States v. Tajideen*, 17-CR-46, 2018 WL 1342475, at *6 (D.D.C. Mar. 15, 2018) ("While the Court has no reason to believe that the individuals selected

---

[3] The defendant's reliance on *United States v. Napout*, No. 15 Cr. 250 (PKC) (E.D.N.Y.), which preceded the Second Circuit's decision in *Boustani*, is misplaced. *See* Dkt. No. 8 at 8-9. The Defendants' risks of flight are based on many factors that go beyond their wealth that were not present in *Napout*. Among other differences between the cases, *Napout* was a fraud and money laundering case where the defendant faced no mandatory minimum sentence and was unlikely to receive a sentence of multiple decades or longer. Here the Defendants face both a fifteen-year mandatory minimum and a likelihood of sentences of multiple times that length. Recent examples in the Southern and Eastern Districts of New York show that the Defendants, who are charged with sex trafficking, not fraud, are likely to receive sentences significantly longer than the 108 months to which Napout was ultimately sentenced. *See United States v. Raniere*, No. 18 Cr. 204 (NGG), Dkt. No. 969 (E.D.N.Y. Oct. 30, 2020) (120-year sentence); *United States v. Maxwell*, No. 20 Cr. 330 (AJN), Dkt. No. 696 (S.D.N.Y. June 29, 2022) (20-year sentence); *United States v. Ray*, 20 Cr. 110 (LJL), Dkt. No. 615 (S.D.N.Y. Jan. 31, 2023) (60-year sentence); *United States v. Paduch*, 23 Cr. 181 (RA), Dkt. No. 186 (S.D.N.Y. Nov. 21, 2024) (life sentence).

5

for the defendant's security detail would intentionally violate federal law and assist the defendant in fleeing the Court's jurisdiction, it nonetheless is mindful of the power of money and its potential to corrupt or undermine laudable objectives. And although these realities cannot control the Court's ruling, they also cannot be absolutely discounted or ignored."). The conflict of interest is not only one of divided loyalty but also a financial one where a security guard's act of reporting violations of bail conditions would risk ending a lucrative contract for his employer and potentially his own salary. This creates a significant risk that a company and its employees would observe, if not outright assist, bail condition violations, without bringing them to the Court's attention. *See Boustani*, 356 F. Supp. 3d at 257 ("[T]he defendant in [*Seng* ], who was released to private armed guards from Guidepost in an arrangement similar to what defendant proposes here, was outside of his apartment virtually all day, every weekday; was visited by a masseuse for a total of 160 hours in a 30-day period; and went on an unauthorized visit to a restaurant in Chinatown with his private guards in tow.").

Here, the conflict is only exacerbated by the fact that Alon Alexander is a senior executive of a private security company that provides, among other things, armed security guards. As the head of the Defendants' chosen private security firm acknowledged during the hearing, everyone in the private security industry is familiar with Kent Security. Alon's background and experience as a private security executive, coupled with the fact that he will be paying the individuals responsible for ensuring his compliance with bail conditions, raises serious concerns that the individuals responsible for guarding Alon on a daily basis will not feel sufficiently empowered to stop or report him should he violate any conditions. The situation faced by Oren Alexander, the brother, son, and nephew of Kent Security executives, is much the same. The government is not attempting to impugn the integrity of the private security firm identified by the Defendants, but

the fact of the matter is that a private security company is just that—a private company. The government has no control or even insight into the hiring or training practices of any private security company and does not have a position of supervisory authority over it. *See Raniere*, 2018 WL 3057702, at *7 ("The court in no way impugns the private security firm that Defendant has proposed. This firm appears to employ a number of experienced law-enforcement veterans, and it would surely have a strong reputational incentive to keep Defendant confined. The court nevertheless has general concerns about the use of a private security company to monitor a defendant's home confinement, particularly where the company has been chosen by the defendant, where the Government 'exercises no hiring, training, or supervisory control' over it, and where the court knows nothing about the individuals who would be responsible for monitoring the defendant on a day-to-day basis.").

*Second*, private security guards lack sufficient authority to truly ensure the Defendants' appearance in court as required and to prevent their flight. Private security guards are not law enforcement officers. They are substantially more limited in their ability to stop or restrain a defendant determined to flee or otherwise violate his conditions. *See Valerio*, 9 F. Supp. 3d at 295 ("The questions about the legal authorization for the private security firm to use force against defendant should he violate the terms of his release, and the questions over whether the guards can or should be armed, underscore the legal and practical uncertainties—indeed, the imperfections— of the private jail-like concept envisioned by defendant, as compared to the more secure option of an actual jail."); *Boustani*, 356 F. Supp. 3d at 258 ("Defendant's private jail proposal raises several issues related to use of force. Although Defendant has consented to the use of 'any' force by Guidepost and has waived his right to sue any party in connection with the risks and dangers associated with escape attempts, it is not clear such an agreement is enforceable—and the defense

7

fails to point to precedent suggesting it would be. Defendant cannot consent to the use of deadly force."). Moreover, the questions raised about the use of force go beyond the defendants' ability to consent to the use of force, which the Court rightly questioned at the preliminary detention hearing, and implicate the safety of the community. *Raniere*, 2018 WL 3057702, at *7 ("[A]ny escape attempt would also present the risk of a confrontation between armed guards and Defendant (or his followers) in the streets of New York City, which would mean that any reduction in the Defendant's flight risk from this proposal would be at least partially offset by a greater risk to the community."). This concern is only exacerbated by the Defendant's proposed location of confinement in or around Miami—nearly 1,200 miles from the courthouse where the Defendant will regularly appear in this case. The logistics required to transport the defendant, and for the transportation to happen safely and effectively, places an enormous, undue burden on the courts and federal and local law enforcement, who necessarily must coordinate, track and, potentially, recapture, the Defendants should they chose to flee at a rest stop or in a terminal while in transit. *See Valerio*, 9 F. Supp. 3d at 295 ("[T]he bail package and attempt to replicate a jail in defendant's home would place a burden on the government not contemplated by the Bail Reform Act.").

Courts in this district have also rejected the use of private security in lieu of federal detention as inadequate to mitigate risk of flight. As the district court held in *United States v. Botero*, 604 F. Supp. 1028 (S.D. Fla. 1985), *aff'd*, 853 F.2d 928 (11th Cir. 1988),

> Similarly, the defendant's proposal of a strict curfew and house arrest, even under twenty-four hour guard and an electronic tracking system is inadequate to reasonably assure this Court of Mr. Botero's future appearance. It must be remembered that wherever Mr. Botero stays in the Miami area, he will be only minutes away from a private airfield. Thus, even a short delay in notifying the authorities would permit Mr. Botero to successfully flee. Mr. Botero need only wait for the appropriate time—when his guard was out of the room, asleep or had his attention elsewhere—to get the head start he would need. Moreover, it is not entirely clear what authority and what duty

8

> a private guard would have to prevent Mr. Botero's flight.
> Certainly, this Court would be reluctant to hold such a guard in
> contempt if it appeared that he was unable to physically prevent Mr.
> Botero's flight.

*Botero*, 604 F. Supp. at 1035. All of the concerns that caused the *Botero* court to reject the proposal of private security are present in this case. The Defendants are proposing to be released to a property in the Miami area, where they not only are in close proximity to private airfields and waterways with direct access to the ocean, they also have a long track record of traveling by exactly those means on a regular basis. Each of the Defendants is easily able to arrange for a boat or private aircraft to facilitate his escape, wait for the right moment, and rely on the limits to a private security guard's authority in order to flee. These Defendants' personal characteristics also make them worse candidates for a private security bail condition than in *Botero*. In particular, as alleged in the Indictment, the Defendants, among other things, used surreptitious drugging and deceit to carry out their criminal conduct. And as this Court pointed out during the December 30, 2024 Preliminary Detention Hearing, Alon's significant experience with private security guards may better enable him to evade their restrictions. At bottom, the most private security will be able to do is reduce the Defendants' head starts—not prevent them from fleeing.

And critically, the inquiry here is not whether the Defendants' flight is likely to ultimately be successful nor whether the government can possibly someday extradite them back from a foreign country to face justice. It is whether the conditions are sufficient to *prevent them from attempting to flee in the first place*. And here, they clearly are not. As multiple courts have found, "[t]o the extent [armed private guards] implies an expectation that deadly force may need to be used to assure defendants' presence at trial . . . . [s]uch a conclusion would, in fact, demand a defendant's detention." *United States v. Sabhnani*, 493 F.3d 63, 74 n.13 (2d Cir. 2007); *see also United States v. Dermen*, 779 Fed. App'x (10th Cir. 2019) ("[I]f his risk of flight can be constrained

9

only by constant supervision by private security personnel that are willing to use physical force, the appropriate means to accomplish that is pretrial detention.") (cleaned up).

At Alon's December 30, 2024 preliminary detention hearing, the parties and the Court spent considerable time discussing issues including the ability of private security to use deadly force (or any force at all), and the possibility of the Defendants renting a 55th story apartment with no balcony and only one way in and one way out to ensure the Defendants' appearance. The fact that it was necessary to seriously consider such measures in the first place demonstrates that the Defendants are serious flight risks and no condition or combination of conditions can ensure their appearance in court as required.

* * *

10

Accordingly, the Court should reject the Defendants' requests for bail and detain them pending trial.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: _/s/ Lauren A. Astigarraga_
Lauren A. Astigarraga
Assistant United States Attorney
FL Bar No. 0119473
99 N.E. 4th Street
Miami, FL 33132
Telephone (305) 961-9105
Lauren.Astigarraga@usdoj.gov


EDWARD Y. KIM
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF NEW YORK

By: _/s/_
Kaiya Arroyo
Elizabeth A. Espinosa
Andrew Jones
Assistant United States Attorneys
26 Federal Plaza, 37th Floor
New York, NY 10278
Telephone (212) 637-2249
Andrew.Jones2@usdoj.gov

11

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Noticing AUSA CR TP/SR (usafls.transferprob@usdoj.gov), Richard
Carroll Klugh, Jr (allison.bradley@uprfirm.com, klughlawoffice@gmail.com,
rickklu@aol.com), Howard Milton Srebnick (blacksrebnick@ecf.courtdrive.com,
hreiner@royblack.com, hsrebnick@royblack.com), Lauren Alexandra Astigarraga
(andrea.samper@usdoj.gov, caseview.ecf@usdoj.gov, lauren.astigarraga@usdoj.gov,
usafls-hqdkt@usdoj.gov), Joel M. Denaro (jdenaro@joeldenarolaw.com), Magistrate Judge
Ellen F. D'Angelo (dangelo@flsd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:25081144@flsd.uscourts.gov
Subject:Activity in Case 1:24-mj-04616-EFD USA v. Alexander et al Motion for Hearing
```
Content–Type: text/html

## U.S. District Court

## Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered on 1/6/2025 at 9:25 AM EST and filed on 1/3/2025

| | |
|---|---|
| **Case Name:** | USA v. Alexander et al |
| **Case Number:** | 1:24–mj–04616–EFD |
| **Filer:** | Dft No. 2 – Oren Alexander |
| **Document Number:** | 25(No document attached) |

**Docket Text:**
 **ORAL DEFENSE MOTION to reset Detention and Removal Hearing by Oren Alexander. (fbn)**

**1:24–mj–04616–EFD–2 Notice has been electronically mailed to:**

Noticing AUSA CR TP/SR &nbsp &nbsp Usafls.transferprob@usdoj.gov

Howard Milton Srebnick &nbsp &nbsp HSrebnick@RoyBlack.com, blacksrebnick@ecf.courtdrive.com,
hreiner@royblack.com

Joel M. Denaro &nbsp &nbsp jdenaro@joeldenarolaw.com

Lauren Alexandra Astigarraga &nbsp &nbsp lauren.astigarraga@usdoj.gov, Andrea.Samper@usdoj.gov,
CaseView.ECF@usdoj.gov, usafls–hqdkt@usdoj.gov

Richard Carroll Klugh , Jr &nbsp &nbsp rickklu@aol.com, allison.bradley@uprfirm.com,
klughlawoffice@gmail.com

**1:24–mj–04616–EFD–2 Notice has not been delivered electronically to those listed below and will be
provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Noticing AUSA CR TP/SR (usafls.transferprob@usdoj.gov), Richard
Carroll Klugh, Jr (allison.bradley@uprfirm.com, klughlawoffice@gmail.com,
rickklu@aol.com), Howard Milton Srebnick (blacksrebnick@ecf.courtdrive.com,
hreiner@royblack.com, hsrebnick@royblack.com), Lauren Alexandra Astigarraga
(andrea.samper@usdoj.gov, caseview.ecf@usdoj.gov, lauren.astigarraga@usdoj.gov,
usafls-hqdkt@usdoj.gov), Joel M. Denaro (jdenaro@joeldenarolaw.com), Magistrate Judge
Ellen F. D'Angelo (dangelo@flsd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:25081163@flsd.uscourts.gov
Subject:Activity in Case 1:24-mj-04616-EFD USA v. Alexander et al Order on Motion for
Hearing
Content-Type: text/html
```

## U.S. District Court

### Southern District of Florida

**Notice of Electronic Filing**

The following transaction was entered on 1/6/2025 at 9:28 AM EST and filed on 1/3/2025

| | |
|---|---|
| **Case Name:** | USA v. Alexander et al |
| **Case Number:** | 1:24–mj–04616–EFD |
| **Filer:** | |
| **Document Number:** | 26(No document attached) |

**Docket Text:**
 **PAPERLESS ORDER granting [25] Defense Motion to reset Pretrial Detention and Removal Hearing as to Oren Alexander (2). Pretrial Detention Hearing set for 1/7/2025 at 01:30 PM in the Miami Division before MIA Duty Magistrate Judge. Removal Hearing set for 1/7/2025 at 01:30 PM in the Miami Division before MIA Duty Magistrate Judge. Signed by Magistrate Judge Eduardo I. Sanchez (fbn)**

**1:24–mj–04616–EFD–2 Notice has been electronically mailed to:**

Noticing AUSA CR TP/SR &nbsp &nbsp Usafls.transferprob@usdoj.gov

Howard Milton Srebnick &nbsp &nbsp HSrebnick@RoyBlack.com, blacksrebnick@ecf.courtdrive.com, hreiner@royblack.com

Joel M. Denaro &nbsp &nbsp jdenaro@joeldenarolaw.com

Lauren Alexandra Astigarraga &nbsp &nbsp lauren.astigarraga@usdoj.gov, Andrea.Samper@usdoj.gov, CaseView.ECF@usdoj.gov, usafls–hqdkt@usdoj.gov

Richard Carroll Klugh , Jr &nbsp &nbsp rickklu@aol.com, allison.bradley@uprfirm.com, klughlawoffice@gmail.com

**1:24–mj–04616–EFD–2 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

# COURT MINUTES

Page 6

## Magistrate Judge Eduardo I. Sanchez

**Atkins Building Courthouse - 6th Floor**     Date: 1/3/25     Time: 10:00 a.m.

Defendant: 2) Oren Alexander    J#: 52667-511    Case #: 24-4616-MJ-D'ANGELO

AUSA: _Laura Astrorga_ ~~Elizabeth Espinosa~~ S/D-NY   Attorney: Richard Klugh, Retained _& Jenny Wilson_
~~Kaya Arroyo~~

Violation: WARR\SD-NY\Consp to Commit Sex Trafficking; Sex Trafficking by Force, Fraud Coercion

Proceeding: _Pretrial Detention and Removal Hearings_    CJA Appt: _____

Bond/PTD Held: ○ Yes ○ No    Recommended Bond: _____

Bond Set at: _____    Co-signed by: _____

- ☑ Surrender and/or do not obtain passports/travel docs
- ☑ Report to PTS as directed/or _____ x's a week/month by phone: _____ x's a week/month in person
- ☑ Random urine testing by Pretrial Services Treatment as deemed necessary
- ☑ Refrain from excessive use of alcohol
- ☑ Participate in mental health assessment & treatment
- ☐ Maintain or seek full-time employment/education
- ☐ No contact with victims/witnesses
- ☐ No firearms
- ☐ Not to encumber property
- ☐ May not visit transportation establishments
- ☐ Home Confinement/Electronic Monitoring and/or Curfew _____ pm to _____ am, paid by _____
- ☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment
- ☐ Travel extended to: _____
- ☐ Other: _____

Language: English

Disposition:
*Brady Order NOT Given

Defense ore tenus Motion to reset Detention and Removal Hearing to 1/7/25 is Granted

Time from today to _____ excluded from Speedy Trial Clock

**NEXT COURT APPEARANCE**   Date:   Time:   Judge:   Place:

Report RE Counsel: _____

PTD/Bond Hearing: _____ 1-7-25 130 Duty Magistrate Judge

Prelim/Arraign or Removal: _____

Status Conference RE: _____

D.A.R. 11:07:22; 11:08:10    Time in Court: 16 Minutes

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-MJ-4616

UNITED STATES OF AMERICA,

                                    Miami, Florida

            vs.                     January 3, 2025


OREN ALEXANDER,

                Defendant(s).       Pages 1 - 18
----------------------------------------------------------

                DETENTION AND REMOVAL HEARING
            TRANSCRIBED FROM DIGITAL AUDIO RECORDING
              BEFORE THE HONORABLE EDUARDO SANCHEZ
                UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

FOR THE PLAINTIFF(S):  ELIZABETH ESPINOSA
                       KAIYA ARROYO
                       United States Attorney's Office
                       Southern District of New York
                       New York, New York 10278

                       LAUREN ASTIGARAGGA
                       United States Attorney's Office
                       99 NE 4th Street
                       Miami, FL 33132

FOR THE DEFENDANT(S):  RICHARD KLUGH
                       JENNIFER WILSON
                       25 SE 2nd Avenue
                       Suite 1100
                       Miami, FL 33131

REPORTED BY:           JILL M. WELLS, RMR, CRR, CSR
                       Federal Official Court Reporter
                       701 Clematis Street
                       West Palm Beach, FL 33401
                       jill_wells@flsd.uscourts.gov

```
 1  (Case called to order of the court.)

 2              THE DEPUTY CLERK:  Calling Oren Alexander.

 3              Announce your appearances.

 4              MS. ESPINOSA:  Good morning, your Honor.

 5              Elizabeth Espinosa, Kaiya Arroyo, and Lauren

 6  Astigarraga, for the government.

 7              MR. KLUGH:  Good morning, your Honor.

 8              Richard Klugh and Jenny Wilson, for the defendant in

 9  this case.

10              THE COURT:  Good morning, Mr. Klugh.  Good morning

11  Ms. Wilson.  And good morning, Mr. Alexander.

12              MR. KLUGH:  Your Honor, we are here for a removal

13  hearing, I believe, first, since the court was just dealing

14  with that, and we are ready to proceed.

15              THE COURT:  The removal part of it?

16              MR. KLUGH:  Yes, we are.

17              THE COURT:  Okay.

18              MR. KLUGH:  Can we sit down, your Honor?

19              THE COURT:  Sure.

20              MS. ESPINOSA:  Your Honor, again, the issue for a

21  removal hearing --

22              THE COURT:  Give me just a moment.

23              I'm sorry, Ms. Espinosa.

24              MS. ESPINOSA:  Again, your Honor, the issue for a

25  removal hearing is just did we arrest the correct person, and
```

1    here we did.

2              Just as with his brother, Oren Alexander was arrested

3    in his own --

4              MR. KLUGH:  Objection.  Judge, we are not allowed to

5    proceed by proffer at a removal hearing.

6              THE COURT:  Ms. Espinosa, I think you do have to

7    present evidence.

8              MS. ESPINOSA:  Okay.  Give me one moment, your Honor.

9              THE COURT:  Okay.  Thank you.

10             MS. ESPINOSA:  Your Honor, at the last hearing we

11   asked if we could proceed by proffer on this, and there was no

12   objection.

13             Additionally, when we moved to -- we did not --

14             MR. KLUGH:  Your Honor, we object.  We were not

15   present at the last hearing.  We are not a party to the last

16   hearing.  We object.

17             Again, this attribution, which has occurred throughout

18   this case, that if they say something about one brother, the

19   other brother's due process rights are denied.

20             MS. ESPINOSA:  Your Honor, when counsel contacted us

21   and asked for an adjournment, a continuance of the hearing as

22   to Mr. Oren Alexander, we agreed on the condition that we would

23   not be making another government witness available for the

24   second hearing.

25             We do not have a witness available from the Southern

1    District of New York because we operated in a good faith

2    understanding that, as defense counsel agreed, they would not

3    be expecting one here.  So we are not in a position to put on a

4    witness at this time.

5         MR. KLUGH:  The agreement was, and if the

6    government -- we are trying to be reasonable here.  The

7    government needs to have a witness.

8         We are perfectly prepared to have the matter carried

9    over until next week to the next mag court.  There are

10   additional reasons for that to occur in this case, your Honor.

11        As the court was aware, I was going through severe eye

12   problems.  I did go through the surgical procedure yesterday.

13   As a result of that, and including the holidays, it has been

14   difficult for me to confer fully with Mr. Oren Alexander.

15        If the government wants to have an opportunity to

16   bring a witness in for the removal hearing, which we never

17   stipulated anything to at any time, we do not object if they

18   want to push it over until next week.

19        MS. ESPINOSA:  Your Honor, as the court is aware, at

20   the conclusion of the hearing, it was actually Mr. Klugh who

21   was present.

22        The court -- we inquired, so we could lay for the

23   actual record, we inquired whether or not the government would

24   be required to bring an additional witness for the purposes of

25   evidence.  We were addressing it on this very point.

1        Mr. Klugh said that that was previously the agreement,

2   that we weren't required to bring an additional witness.

3        However, to the extent that they are now asking for an

4   identity hearing, then we would ask that this be reset for next

5   week for the purposes of establishing that the person who is

6   sitting at defense counsel table is the person who is named in

7   the indictment.

8        THE COURT:  Okay.  I will say, it seems to me this was

9   probably a miscommunication.  I understand as the government

10  understands it, and I understand, Mr. Klugh, that you saw it

11  differently.

12       I will tell you, I thought the defense was not

13  requiring the government to present any witnesses today.  But

14  having said that, I don't know that that is, in fact, what you

15  said.

16       So I understand where you are, but I think that going

17  forward under the circumstances where the government thought

18  that there was an agreement, and since you are asking for more

19  time anyway, I think that is appropriate.  So we can reset this

20  to next week for the removal hearing.

21       MS. ESPINOSA:  Your Honor, could we go forward with

22  the detention hearing today?

23       MR. KLUGH:  Your Honor, my understanding would be to

24  carry it over to next week.  We are prepared to resolve

25  detention today.  The (inaudible) matters are for mag court

1   next week, if that's all right.

2          THE COURT:  And you are not prepared to resolve -- to

3   address the detention hearing today?

4          MR. KLUGH:  Let me just -- to make sure.

5          MS. ESPINOSA:  And I believe your Honor was clear that

6   the evidence was closed as it related to detention.  That's why

7   we don't have an FBI agent who is present here.

8          So we could ask that we proceed just with argument as

9   it relates to detention.

10         MR. KLUGH:  Your Honor, for the reasons that I stated,

11  which, again, I apologize for.  I have had very severe problems

12  with my eyes.  I had an unexpected reaction to some things.  I

13  thought it was an infection.  It turned out to be something

14  called proptosis.

15         It's made it very difficult.  I am establishing a

16  relationship with a client that I did not know before.  I would

17  ask that the whole matter be continued to next week, and given

18  the holiday situation we went through, and everything else.

19         THE COURT:  I understand that the government would

20  like to resolve this today, but given Mr. Klugh's health

21  conditions and his inability to do this, I take him at his word

22  that he needs more time, and I understand that this is not a

23  matter of --

24         Mr. Klugh, I think that it should be clear on the

25  record that the evidence has closed on this, and I think that

1    was your agreement as to the detention.

2            MR. KLUGH:  The government's evidence is closed, your

3    Honor.  The government's evidence.  That's my understanding,

4    unless I am mistaken.

5            Our agreement was that they did not have to call an

6    agent for the detention hearing.  We stand by that agreement.

7            MS. ESPINOSA:  Your Honor, I am also -- we were

8    prepared to go forward as to the detention for Oren Alexander

9    today, and defense counsel at no point told us that he needed

10   more time for the detention portion.

11           We have been traveling back and forth, your Honor,

12   because, as you know, this is an out-of-district case for us.

13   So defense counsel could have reached out to us and said he

14   needed more time on detention.  He didn't.  We are prepared to

15   go forward today.

16           Nothing changes materially as to detention.  So while

17   we are willing to put the removal matter over, we see no reason

18   to adjourn the detention portion today.

19           MR. KLUGH:  Your Honor, just for efficiency sake, have

20   the matters held together, I would urge the court, and for the

21   reason I said.  These are not made-up reasons.  It's

22   unfortunate.

23           My spouse is here, Jacqueline Shapiro.  She can vouch

24   for my problems.  It's been very difficult.  I'd ask the court

25   just for the defendant's benefit.  He has not had the same

1  benefit that --

2      THE COURT:  Ms. Espinosa, I understand what you are

3  saying.  I know it's a horrible inconvenience.

4      Look.  If counsel's health issues have just prevented

5  him from being able to proceed today in the manner that he

6  thinks he should, I just don't think that's an issue that we

7  want, and I don't think it's an issue that you want going

8  forward, either.

9      I think we want to make sure that the defendant has

10  his counsel available and fully able to respond and make the

11  presentation that's required, and not have some argument later

12  that they were forced to proceed without counsel who was in a

13  position, because of health issues, to render effective

14  assistance.

15      MS. ESPINOSA:  Understood, your Honor.  And I would

16  just ask that going forward, if there are any additional

17  issues, or he anticipates any future issues, that he would --

18  to let us know, as we are traveling and we will need to make

19  arrangements.  So we would greatly appreciate it if we could

20  get some advance notice of any further challenges.

21      We also ask your Honor, if it's possible, to continue

22  before your Honor, as you are familiar with all of the facts.

23  You witnessed the evidence in this case that will be used to

24  apply to Mr. Oren Alexander.

25      MR. KLUGH:  Your Honor, my understanding is that's not

1   the way it works.  That's just my understanding.  I don't think

2   the government is entitled to special treatment.  Apparently,

3   they are happy with resolution of something and they want to

4   stay with this.

5        MS. ESPINOSA:  Your Honor, respectfully, that's

6   incorrect.  Whenever there is a continuation of a detention

7   hearing, just as what happened this week, we continued before

8   your Honor.  Your Honor received all of the government's

9   evidence in this case.

10        So, as a result, to kick it over to a different

11   magistrate judge, who has not heard the presentation of

12   evidence, would be inefficient.

13        So we would ask that the government has the benefit,

14   because it will now be the third time the government is

15   required to present information, that it be heard before this

16   court.

17        MR. KLUGH:  Under that theory, we should have been in

18   front of Judge Reid.  This simply does not add up.  We didn't

19   start our detention hearing.

20        It's not a continuation of a detention hearing that

21   started.  It's simply a motion, as part of the other motion to

22   continue, to keep the things together and treat this like a

23   regular case, which I think the court has indicated it's trying

24   to do.

25        MS. ASTIGARRAGA:  The point of the government's

```
 1    proffer, Judge, in terms of how it was prepared, was to address
 2    the two outstanding defendants who the question on detention or
 3    bond remains pending.  And so in this case that is exactly what
 4    the government did.
 5           Ms. Espinosa flew down again here on Friday for the
 6    purpose -- we set, in fact, the continuation of Mr. Alon
 7    Alexander's hearing to be set on Friday because we thought we
 8    were proceeding on Oren.
 9           So now we are asking for the court to consider the
10    remainder of the evidence that it first considered as it
11    related to this particular issue.
12           THE COURT:  I understand the circumstances.  I am --
13    let me ask you first.
14           In terms of days, when is it that the parties would be
15    ready to proceed?
16           When will you be ready to proceed, Mr. Klugh?  And I
17    will determine it later.
18           I am not sure that this shouldn't go to -- because
19    given that we haven't -- I think it's going to be the same
20    evidence.  The same record is what will, should be -- even if
21    it goes to Judge Torres -- will be the same proffer, that there
22    would be no reopening of evidence other than argument and
23    conditions that would be proffered, things along those lines, I
24    think, as that was not done as to this defendant individually.
25           MR. KLUGH:  They have already indicated they want to
```

1      introduce the record from the Judge Reid case, and these are

2      things they are introducing from two cases.  I don't see any

3      difference.

4              But, again, it's a matter of -- I am not -- I just

5      think that's the appropriate way to proceed in this matter, is

6      to carry it over to mag court.

7              I would try to be ready for Monday.  You know, we can

8      try.  I am not trying to delay it.  If that's convenient.

9      Whatever is convenient for the government in terms of next

10     week.

11             But I just want to say, the notion that this is a

12     continuation of a detention hearing in order to, you know, find

13     a forum you want to be in, that's incorrect.

14             THE COURT:  I understand, Mr. Klugh, but there were --

15     this was initially set for Monday, and it was moved to Friday

16     on your motion.  I moved it because of the health reasons, and

17     I think that was appropriate.

18             You did represent that there would be -- that you were

19     ready to proceed on the evidence that the government would

20     present at that hearing.

21             I am concerned that you would not be ready -- do you

22     believe that there are reasons that you would not be ready on

23     Monday, as well?

24             MR. KLUGH:  I stop my antibiotics this time on

25     Saturday night.  So I think I will be fine for Monday mag

1    court, or Tuesday mag court, whatever the government wants, for

2    next week.

3            THE COURT:  Let me ask you, Ms. Espinosa.

4            When next week?

5            MS. ESPINOSA:  Your Honor, I think we can be available

6    when the court is available.  I think we may want the

7    transcript of today's proceeding, which I think would be easier

8    to get by Tuesday than by Monday.  But if the court is

9    available a particular day, we will make that work.

10           THE COURT:  Okay.

11           Does Tuesday work, Mr. Klugh?  Is that something that

12   the defense is willing to do?

13           I also want to make -- I am concerned that over the

14   weekend something happens, and we are back here Monday and you

15   need another day.

16           MR. KLUGH:  Tuesday would work.

17           THE COURT:  Okay.  So I am going to reset this for

18   Tuesday for detention and removal hearing.  And I will let you

19   know later today -- I want to think about whether it's

20   something that should stay before me, or whether it's something

21   that appropriately moves on to the duty judge.

22           So I will enter an order to that effect later today

23   and let you know when it's scheduled.  It will either be before

24   me Tuesday in the morning, or if it's in front of Judge Torres,

25   it will be at 1:30 since he has one calendar.

```
 1              MS. ESPINOSA:  Thank you, your Honor.

 2              MR. KLUGH:  I appreciate it very much, the

 3      consideration.

 4              THE COURT:  Okay.

 5              MR. SREBNICK:  If I could address the court on behalf

 6      of Alon Alexander in terms of the removal.

 7              I'd ask the court to enter a stay of the removal until

 8      at least the end of business on Tuesday so that if we are going

 9      to file an appeal to the judge in New York on the issue of

10      bond, he is not in transit.

11              In any event, Alon Alexander is not going to be moved

12      because he has a hearing on Tuesday.  So I'd ask for a stay

13      until the close of business on Tuesday, and we revisit the

14      issue then.

15              MS. ASTIGARRAGA:  The government takes no position at

16      this time.

17              THE COURT:  No position, okay.  Then I will -- with

18      the government not objecting, taking no position, I will grant

19      your stay until Tuesday.

20              MR. SREBNICK:  Through the end of business on Tuesday,

21      Judge?

22              THE COURT:  Through Tuesday.

23              MR. SREBNICK:  Through Tuesday.  Thank you.

24              THE COURT:  Is there anything else that we need to

25      address?
```

```
1            MS. ESPINOSA:  Not from the government, your Honor.

2            THE COURT:  Okay, thank you.

3         (Proceedings adjourned.)

4

5                    C E R T I F I C A T E

6

7      I hereby certify that the foregoing is an accurate

8   transcription to the best of my ability of the digital audio

9   recording in the above-entitled matter.

10

11  January 4, 2025         /s/ Jill M. Wells
                            Jill M. Wells, RMR, CRR, CSR
12                          Federal Official Court Reporter
                            701 Clematis Street
13                          West Palm Beach, FL 33401
                            jill_wells@flsd.uscourts.gov
14

15

16

17

18

19

20

21

22

23

24

25
```

MR. KLUGH: [18]
MR. SREBNICK: [3]  13/5 13/20 13/23
MS. ASTIGARRAGA: [2]  9/25 13/15
MS. ESPINOSA: [15]
THE COURT: [21]
THE DEPUTY CLERK: [1]  2/2

**/**

**/s [1]**  14/11

**1**

**10278 [1]**  1/14
**1100 [1]**  1/19
**18 [1]**  1/7
**1:30 since [1]**  12/25

**2**

**2025 [2]**  1/5 14/11
**24-MJ-4616 [1]**  1/2
**25 [1]**  1/19
**2nd [1]**  1/19

**3**

**33131 [1]**  1/20
**33132 [1]**  1/17
**33401 [2]**  1/22 14/13

**4**

**4616 [1]**  1/2
**4th [1]**  1/16

**7**

**701 [2]**  1/22 14/12

**9**

**99 [1]**  1/16

**A**

**ability [1]**  14/8
**able [2]**  8/5 8/10
**about [2]**  3/18 12/19
**above [1]**  14/9
**above-entitled [1]**  14/9
**accurate [1]**  14/7
**actual [1]**  4/23
**actually [1]**  4/20
**add [1]**  9/18
**additional [4]**  4/10 4/24 5/2 8/16
**Additionally [1]**  3/13
**address [4]**  6/3 10/1 13/5 13/25
**addressing [1]**  4/25
**adjourn [1]**  7/18
**adjourned [1]**  14/3
**adjournment [1]**  3/21
**advance [1]**  8/20
**again [6]**  2/20 2/24 3/17 6/11 10/5 11/4
**agent [2]**  6/7 7/6
**agreed [2]**  3/22 4/2
**agreement [6]**  4/5 5/1 5/18 7/1 7/5 7/6
**ALEXANDER [10]**  1/6 2/2 2/11 3/2 3/22
 4/14 7/8 8/24 13/6 13/11
**Alexander's [1]**  10/7
**all [3]**  6/1 8/22 9/8
**allowed [1]**  3/4
**Alon [3]**  10/6 13/6 13/11

**along [1]**  10/23
**already [1]**  10/25
**also [3]**  7/7 8/21 12/13
**am [10]**  6/15 7/4 7/7 10/12 10/18 11/4
 11/8 11/21 12/13 12/17
**AMERICA [1]**  1/3
**Announce [1]**  2/3
**another [2]**  3/23 12/15
**antibiotics [1]**  11/24
**anticipates [1]**  8/17
**any [7]**  4/17 5/13 8/16 8/17 8/20 11/2
 13/11
**anything [2]**  4/17 13/24
**anyway [1]**  5/19
**apologize [1]**  6/11
**Apparently [1]**  9/2
**appeal [1]**  13/9
**appearances [2]**  1/11 2/3
**apply [1]**  8/24
**appreciate [3]**  8/19 13/2
**appropriate [3]**  5/19 11/5 11/17
**appropriately [1]**  12/21
**are [30]**
**argument [3]**  6/8 8/11 10/22
**arrangements [1]**  8/19
**arrest [1]**  2/25
**arrested [1]**  3/2
**ARROYO [2]**  1/13 2/5
**as [22]**
**ask [11]**  5/4 6/8 6/17 7/24 8/16 8/21
 9/13 10/13 12/3 13/7 13/12
**asked [2]**  3/11 13/21
**asking [3]**  5/3 5/18 10/9
**assistance [1]**  8/14
**ASTIGARAGGA [1]**  1/15
**Astigarraga [1]**  2/6
**Attorney's [2]**  1/13 1/16
**attribution [1]**  3/17
**audio [2]**  1/9 14/8
**available [6]**  3/23 3/25 8/10 12/5 12/6
 12/9
**Avenue [1]**  1/19
**aware [2]**  4/11 4/19

**B**

**back [2]**  7/11 12/14
**be [32]**
**Beach [2]**  1/22 14/13
**because [8]**  4/1 7/12 8/13 9/14 10/7
 10/18 11/16 13/12
**been [4]**  4/13 7/11 7/24 9/17
**before [7]**  1/10 6/16 8/22 9/7 9/15 12/20
 12/23
**behalf [1]**  13/5
**being [1]**  8/5
**believe [3]**  2/13 6/5 11/22
**benefit [3]**  7/25 8/1 9/13
**best [1]**  14/8
**bond [2]**  10/3 13/10
**bring [3]**  4/16 4/24 5/2
**brother [2]**  3/2 3/18
**brother's [1]**  3/19
**business [3]**  13/8 13/13 13/20

**C**

**calendar [1]**  12/25

**call [1]**  7/3
**called [2]**  2/1 6/14
**Calling [1]**  2/2
**can [5]**  2/18 5/19 7/23 11/7 12/5
**carried [1]**  4/8
**carry [2]**  5/24 11/6
**case [11]**  1/2 2/1 2/9 3/18 4/10 7/12
 8/23 9/9 9/23 10/3 11/1
**cases [1]**  11/2
**certify [1]**  14/7
**challenges [1]**  8/20
**changes [1]**  7/16
**circumstances [2]**  5/17 10/12
**clear [2]**  6/5 6/24
**Clematis [2]**  1/22 14/12
**client [1]**  6/16
**close [1]**  13/13
**closed [3]**  6/6 6/25 7/2
**concerned [2]**  11/21 12/13
**conclusion [1]**  4/20
**condition [1]**  3/22
**conditions [2]**  6/21 10/23
**confer [1]**  4/14
**consider [1]**  10/9
**consideration [1]**  13/3
**considered [1]**  10/10
**contacted [1]**  3/20
**continuance [1]**  3/21
**continuation [4]**  9/6 9/20 10/6 11/12
**continue [2]**  8/21 9/22
**continued [2]**  6/17 9/7
**convenient [2]**  11/8 11/9
**correct [1]**  2/25
**could [7]**  3/11 4/22 5/21 6/8 7/13 8/19
 13/5
**counsel [7]**  3/20 4/2 5/6 7/9 7/13 8/10
 8/12
**counsel's [1]**  8/4
**court [22]**
**CRR [2]**  1/21 14/11
**CSR [2]**  1/21 14/11

**D**

**day [2]**  12/9 12/15
**days [1]**  10/14
**dealing [1]**  2/13
**defendant [5]**  1/7 1/18 2/8 8/9 10/24
**defendant's [1]**  7/25
**defendants [1]**  10/2
**defense [6]**  4/2 5/6 5/12 7/9 7/13 12/12
**delay [1]**  11/8
**denied [1]**  3/19
**detention [19]**
**determine [1]**  10/17
**did [8]**  2/25 3/1 3/13 4/12 6/16 7/5 10/4
 11/18
**didn't [2]**  7/14 9/18
**difference [1]**  11/3
**different [1]**  9/10
**differently [1]**  5/11
**difficult [3]**  4/14 6/15 7/24
**digital [2]**  1/9 14/8
**district [5]**  1/1 1/1 1/14 4/1 7/12
**do [7]**  3/6 3/25 4/17 6/21 9/24 11/21
 12/12
**does [2]**  9/18 12/11

**D**

don't [6] 5/14 6/7 8/6 8/7 9/1 11/2
done [1] 10/24
down [2] 2/18 10/5
due [1] 3/19
duty [1] 12/21

**E**

easier [1] 12/7
EDUARDO [1] 1/10
effect [1] 12/22
effective [1] 8/13
efficiency [1] 7/19
either [2] 8/8 12/23
ELIZABETH [2] 1/12 2/5
else [2] 6/18 13/24
end [2] 13/8 13/20
enter [2] 12/22 13/7
entitled [2] 9/25 14/9
ESPINOSA [7] 1/12 2/5 2/23 3/6 8/2
  10/5 12/3
establishing [2] 5/5 6/15
even [1] 10/20
event [1] 13/11
everything [1] 6/18
evidence [13] 3/7 4/25 6/6 6/25 7/2 7/3
  8/23 9/9 9/12 10/10 10/20 10/22 11/19
exactly [1] 10/3
expecting [1] 4/3
extent [1] 5/3
eye [1] 4/11
eyes [1] 6/12

**F**

fact [2] 5/14 10/6
facts [1] 8/22
faith [1] 4/1
familiar [1] 8/22
FBI [1] 6/7
Federal [2] 1/21 14/12
file [1] 13/9
find [1] 11/12
fine [1] 11/25
first [3] 2/13 10/10 10/13
FL [4] 1/17 1/20 1/22 14/13
flew [1] 10/5
FLORIDA [2] 1/1 1/4
flsd.uscourts.gov [2] 1/23 14/13
forced [1] 8/12
foregoing [1] 14/7
forth [1] 7/11
forum [1] 11/13
forward [6] 5/17 5/21 7/8 7/15 8/8 8/16
Friday [3] 10/5 10/7 11/15
front [2] 9/18 12/24
fully [2] 4/14 8/10
further [1] 8/20
future [1] 8/17

**G**

get [2] 8/20 12/8
Give [2] 2/22 3/8
given [3] 6/17 6/20 10/19
go [5] 4/12 5/21 7/8 7/15 10/18
goes [1] 10/21
going [8] 4/11 5/16 8/7 8/16 10/19

**H**

good [6] 2/4 2/7 2/10 2/10 2/11 4/1
government [20]
government's [4] 7/2 7/3 9/8 9/25
grant [1] 13/18
greatly [1] 8/19

had [3] 6/11 6/12 7/25
happened [1] 9/7
happens [1] 12/14
happy [1] 9/3
has [10] 3/17 4/13 6/25 7/25 8/9 9/11
  9/13 9/23 12/25 13/12
have [15]
haven't [1] 10/19
having [1] 5/14
he [12] 6/22 7/9 7/13 7/14 7/25 8/5 8/6
  8/17 8/17 12/25 13/10 13/12
health [6] 6/20 8/4 8/13 11/16
heard [2] 9/11 9/15
hearing [25]
held [1] 7/20
here [8] 2/12 3/1 4/3 4/6 6/7 7/23 10/5
  12/14
hereby [1] 14/7
him [2] 6/21 8/5
his [5] 3/2 3/6 6/21 6/21 8/10
holiday [1] 6/18
holidays [1] 4/13
Honor [30]
HONORABLE [1] 1/10
horrible [1] 8/3
how [1] 10/1
However [1] 5/3

**I**

I'd [3] 7/24 13/7 13/12
I'm [1] 2/23
identity [1] 5/4
inability [1] 6/21
inaudible [1] 5/25
including [1] 4/13
inconvenience [1] 8/3
incorrect [2] 9/6 11/13
indicated [2] 9/23 10/25
indictment [1] 5/7
individually [1] 10/24
inefficient [1] 9/12
infection [1] 6/13
information [1] 9/15
initially [1] 11/15
inquired [2] 4/22 4/23
introduce [1] 11/1
introducing [1] 11/2
is [30]
issue [7] 2/20 2/24 8/6 8/7 10/11 13/9
  13/14
issues [4] 8/4 8/13 8/17 8/17
it [33]
it's [15]

**J**

Jacqueline [1] 7/23
January [2] 1/5 14/11
JENNIFER [1] 1/18

Jenny [1] 2/6
Jill [5] 1/21 1/23 14/11 14/11 14/13
judge [11] 1/10 3/4 9/11 9/18 10/1
  10/21 11/1 12/21 12/24 13/9 13/21
just [15]

**K**

KAIYA [2] 1/13 2/5
keep [1] 9/22
kick [1] 9/10
KLUGH [10] 1/18 2/8 2/10 4/20 5/1 5/10
  6/24 10/16 11/14 12/11
Klugh's [1] 6/20
know [9] 5/14 6/16 7/12 8/3 8/18 11/7
  11/12 12/19 12/23

**L**

last [3] 3/10 3/15 3/15
later [4] 8/11 10/17 12/19 12/22
LAUREN [2] 1/15 2/5
lay [1] 4/22
least [2] 13/8
let [6] 6/4 8/18 10/13 12/3 12/18 12/23
like [2] 6/20 9/22
lines [1] 10/23
Look [1] 8/4

**M**

made [2] 6/15 7/21
made-up [1] 7/21
mag [5] 4/9 5/25 11/6 11/25 12/1
magistrate [2] 1/10 9/11
make [6] 6/4 8/9 8/10 8/18 12/9 12/13
making [1] 3/23
manner [1] 8/5
materially [1] 7/16
matter [7] 4/8 6/17 6/23 7/17 11/4 11/5
  14/9
matters [2] 5/25 7/20
may [1] 12/6
me [9] 2/22 3/8 4/14 5/8 6/4 10/13 12/3
  12/20 12/24
Miami [3] 1/4 1/17 1/20
miscommunication [1] 5/9
mistaken [1] 7/4
MJ [1] 1/2
moment [2] 2/22 3/8
Monday [6] 11/7 11/15 11/23 11/25
  12/8 12/14
more [4] 5/18 6/22 7/10 7/14
morning [6] 2/4 2/7 2/10 2/10 2/11
  12/24
motion [3] 9/21 9/21 11/16
moved [4] 3/13 11/15 11/16 13/11
moves [1] 12/21
Mr [1] 12/11
Mr. [13] 2/10 2/11 3/22 4/14 4/20 5/1
  5/10 6/20 6/24 8/24 10/6 10/16 11/14
Mr. Alexander [1] 2/11
Mr. Alon [1] 10/6
Mr. Klugh [7] 2/10 4/20 5/1 5/10 6/24
  10/16 11/14
Mr. Klugh's [1] 6/20
Mr. Oren [3] 3/22 4/14 8/24
Ms. [2] 2/11 2/23 3/6 8/2 10/5 12/3
Ms. Espinosa [5] 2/23 3/6 8/2 10/5 12/3

**M**

Ms. Wilson [1]  2/11
much [1]  13/2
my [9]  5/23 6/12 7/3 7/23 7/24 8/25 9/1
  11/24 14/8

**N**

named [1]  5/6
NE [1]  1/16
need [3]  8/18 12/15 13/24
needed [2]  7/9 7/14
needs [2]  4/7 6/22
never [1]  4/16
New [5]  1/14 1/14 1/14 4/1 13/9
New York [2]  4/1 13/9
next [11]  4/9 4/9 4/18 5/4 5/20 5/24 6/1
  6/17 11/9 12/2 12/4
night [1]  11/25
no [8]  1/2 3/11 7/9 7/17 10/22 13/15
  13/17 13/18
not [32]
Nothing [1]  7/16
notice [1]  8/20
notion [1]  11/11
now [3]  5/3 9/14 10/9

**O**

object [3]  3/14 3/16 4/17
objecting [1]  13/18
objection [2]  3/4 3/12
occur [1]  4/10
occurred [1]  3/17
Office [2]  1/13 1/16
Official [2]  1/21 14/12
okay [9]  2/17 3/3 3/9 5/8 12/10 12/17
  13/4 13/17 14/2
one [4]  3/8 3/18 4/3 12/25
operated [1]  4/1
opportunity [1]  4/15
order [3]  2/1 11/12 12/22
OREN [8]  1/6 2/2 3/2 3/22 4/14 7/8 8/24
  10/8
other [3]  3/19 9/21 10/22
our [2]  7/5 9/19
out [3]  6/13 7/12 7/13
outstanding [1]  10/2
over [7]  4/9 4/18 5/24 7/17 9/10 11/6
  12/13
own [1]  3/3

**P**

Pages [1]  1/7
Palm [2]  1/22 14/13
part [2]  2/15 9/21
particular [2]  10/11 12/9
parties [1]  10/14
party [1]  3/15
pending [1]  10/3
perfectly [1]  4/8
person [3]  2/25 5/5 5/6
PLAINTIFF [1]  1/12
point [3]  4/25 7/9 9/25
portion [2]  7/10 7/18
position [5]  4/3 8/13 13/15 13/17 13/18
possible [1]  8/21
prepared [6]  4/8 5/24 6/2 7/8 7/14 10/1

present [7]  5/3 5/13 5/21 5/13 6/7 9/15
  11/20
presentation [2]  8/11 9/11
prevented [1]  8/4
previously [1]  5/1
probably [1]  5/9
problems [3]  4/12 6/11 7/24
procedure [1]  4/12
proceed [10]  2/14 3/5 3/11 6/8 8/5 8/12
  10/15 10/16 11/5 11/19
proceeding [2]  10/8 12/7
Proceedings [1]  14/3
process [1]  3/19
proffer [4]  3/5 3/11 10/1 10/21
proffered [1]  10/23
proptosis [1]  6/14
purpose [1]  10/6
purposes [2]  4/24 5/5
push [1]  4/18
put [2]  4/3 7/17

**Q**

question [1]  10/2

**R**

reached [1]  7/13
reaction [1]  6/12
ready [7]  2/14 10/15 10/16 11/7 11/19
  11/21 11/22
reason [2]  7/17 7/21
reasonable [1]  4/6
reasons [5]  4/10 6/10 7/21 11/16 11/22
received [1]  9/8
record [4]  4/23 6/25 10/20 11/1
recording [2]  1/9 14/9
regular [1]  9/23
Reid [2]  9/18 11/1
related [2]  6/6 10/11
relates [1]  6/9
relationship [1]  6/16
remainder [1]  10/10
remains [1]  10/3
removal [12]  1/9 2/12 2/15 2/21 2/25
  3/5 4/16 5/20 7/17 12/18 13/6 13/7
render [1]  8/13
reopening [1]  10/22
REPORTED [1]  1/21
Reporter [2]  1/21 14/12
represent [1]  11/18
required [4]  4/24 5/2 8/11 9/15
requiring [1]  5/13
reset [3]  5/4 5/19 12/17
resolution [1]  9/3
resolve [3]  5/24 6/2 6/20
respectfully [1]  9/5
respond [1]  8/10
result [2]  4/13 9/10
revisit [1]  13/13
RICHARD [2]  1/18 2/8
right [1]  6/1
rights [1]  3/19
RMR [2]  1/21 14/11

**S**

said [5]  5/1 5/14 5/15 7/13 7/21
sake [1]  7/19

same [4]  7/23 10/18 10/20 10/21
SANCHEZ [1]  1/10
Saturday [1]  11/25
saw [1]  5/10
say [3]  3/18 5/8 11/11
saying [1]  8/3
scheduled [1]  12/23
SE [1]  1/19
second [1]  3/24
see [2]  7/17 11/2
seems [1]  5/8
set [3]  10/6 10/7 11/15
severe [2]  4/11 6/11
Shapiro [1]  7/23
She [1]  7/23
should [5]  6/24 8/6 9/17 10/20 12/20
shouldn't [1]  10/18
simply [2]  9/18 9/21
since [2]  2/13 5/18 12/25
sit [1]  2/18
sitting [1]  5/6
situation [1]  6/18
so [17]
some [3]  6/12 8/11 8/20
something [7]  3/18 6/13 9/3 12/11
  12/14 12/20 12/20
sorry [1]  2/23
SOUTHERN [3]  1/1 1/14 3/25
special [1]  9/2
spouse [1]  7/23
stand [1]  7/6
start [1]  9/19
started [1]  9/21
stated [1]  6/10
STATES [5]  1/1 1/3 1/10 1/13 1/16
stay [5]  9/4 12/20 13/7 13/12 13/19
stipulated [1]  4/17
stop [1]  11/24
Street [1]  1/16 1/22 14/12
Suite [1]  1/19
sure [4]  2/19 6/4 8/9 10/18
surgical [1]  4/12

**T**

table [1]  5/6
take [1]  6/21
takes [1]  13/15
taking [1]  13/18
tell [1]  5/12
terms [4]  10/1 10/14 11/9 13/6
than [2]  10/22 12/8
thank [4]  3/9 13/1 13/23 14/2
that [73]
that's [11]  6/1 6/6 7/3 8/6 8/11 8/25 9/1
  9/5 11/5 11/8 11/13
then [3]  5/4 13/14 13/17
theory [1]  9/17
there [10]  3/11 4/9 5/18 8/16 9/6 10/21
  11/14 11/18 11/22 13/24
these [2]  7/21 11/1
they [11]  3/18 4/2 4/17 5/3 7/5 8/12 9/3
  9/3 10/25 10/25 11/2
things [4]  6/12 9/22 10/23 11/2
think [19]
thinks [1]  8/6
third [1]  9/14

**T**

**this [32]**
**those [1]**  10/23
**thought [4]**  5/12 5/17 6/13 10/7
**through [6]**  4/11 4/12 6/18 13/20 13/22
  13/23
**throughout [1]**  3/17
**time [9]**  4/4 4/17 5/19 6/22 7/10 7/14
  9/14 11/24 13/16
**today [11]**  5/13 5/22 5/25 6/3 6/20 7/9
  7/15 7/18 8/5 12/19 12/22
**today's [1]**  12/7
**together [2]**  7/20 9/22
**told [1]**  7/9
**Torres [2]**  10/21 12/24
**TRANSCRIBED [1]**  1/9
**transcript [1]**  12/7
**transcription [1]**  14/8
**transit [1]**  13/10
**traveling [2]**  7/11 8/18
**treat [1]**  9/22
**treatment [1]**  9/2
**try [2]**  11/7 11/8
**trying [3]**  4/6 9/23 11/8
**Tuesday [13]**  12/1 12/8 12/11 12/16
  12/18 12/24 13/8 13/12 13/13 13/19
  13/20 13/22 13/23
**turned [1]**  6/13
**two [2]**  10/2 11/2

**U**

**under [2]**  5/17 9/17
**understand [8]**  5/9 5/10 5/16 6/19 6/22
  8/2 10/12 11/14
**understanding [5]**  4/2 5/23 7/3 8/25 9/1
**understands [1]**  5/10
**Understood [1]**  8/15
**unexpected [1]**  6/12
**unfortunate [1]**  7/22
**UNITED [5]**  1/1 1/3 1/10 1/13 1/16
**unless [1]**  7/4
**until [5]**  4/9 4/18 13/7 13/13 13/19
**up [2]**  7/21 9/18
**urge [1]**  7/20
**us [5]**  3/20 7/9 7/12 7/13 8/18
**used [1]**  8/23

**V**

**very [5]**  4/25 6/11 6/15 7/24 13/2
**vouch [1]**  7/23
**vs [1]**  1/5

**W**

**want [11]**  4/18 8/7 8/7 8/9 9/3 10/25
  11/11 11/13 12/6 12/13 12/19
**wants [2]**  4/15 12/1
**was [24]**
**way [2]**  9/1 11/5
**we [67]**
**week [11]**  4/9 4/18 5/5 5/20 5/24 6/1
  6/17 9/7 11/10 12/2 12/4
**weekend [1]**  12/14
**well [1]**  11/23
**wells [5]**  1/21 1/23 14/11 14/11 14/13
**went [1]**  6/18
**were [7]**  3/14 4/25 7/7 8/12 10/8 11/14
  11/18

**weren't [1]**  5/2
**West [2]**  1/22 14/13
**what [5]**  5/14 8/2 9/7 10/3 10/20
**whatever [2]**  11/9 12/1
**when [7]**  3/13 3/20 10/14 10/16 12/4
  12/6 12/23
**Whenever [1]**  9/6
**where [2]**  5/16 5/17
**whether [3]**  4/23 12/19 12/20
**which [5]**  3/17 4/16 6/11 9/23 12/7
**while [1]**  7/16
**who [7]**  4/20 5/5 5/6 6/7 8/12 9/11 10/2
**whole [1]**  6/17
**why [1]**  6/6
**will [17]**
**willing [2]**  7/17 12/12
**WILSON [3]**  1/18 2/8 2/11
**without [1]**  8/12
**witness [7]**  3/23 3/25 4/4 4/7 4/16 4/24
  5/2
**witnessed [1]**  8/23
**witnesses [1]**  5/13
**word [1]**  6/21
**work [3]**  12/9 12/11 12/16
**works [1]**  9/1
**would [23]**

**Y**

**Yes [1]**  2/16
**yesterday [1]**  4/12
**York [5]**  1/14 1/14 1/14 4/1 13/9
**you [30]**
**your [34]**

# MINUTE ORDER

Page 2

## Chief Magistrate Judge Edwin G. Torres

**King Building Courtroom 10-5**  Date: 1/7/2025  Time: 1:30 p.m.

Defendant: Oren Alexander  J#: 52667-511  Case #: 24-04616-MJ-D'ANGELO

AUSA: **Tom Haggerty**  Attorney: Richard Carroll Klugh, Jr. (Retained)

Violation: WARR/SD-NY/Conspiracy to Commit Sex Trafficking; Sex Trafficking by Force  Surr/Arrest Date:  YOB:

Proceeding: Removal/Pretrial Detention Hearing  CJA Appt:

Bond/PTD Held: ○ Yes  ○ No  Recommended Bond: Pretrial Detention

Bond Set at:  Co-signed by:

| | | |
|---|---|---|
| ☐ | Surrender and/or do not obtain passports/travel docs | Language: **English** |

| | |
|---|---|
| ☐ | Report to PTS as directed/or _____ x's a week/month by phone: _____ x's a week/month in person |
| ☐ | Random urine testing by Pretrial Services _____ |
| ☐ | Treatment as deemed necessary |
| ☐ | Refrain from excessive use of alcohol |
| ☐ | Participate in mental health assessment & treatment |
| ☐ | Maintain or seek full-time employment/education |
| ☐ | No contact with victims/witnesses, except through counsel |
| ☐ | No firearms |
| ☐ | Not to encumber property |
| ☐ | May not visit transportation establishments |
| ☐ | Home Confinement/Electronic Monitoring and/or Curfew _____ pm to _____ am, paid by _____ |
| ☐ | Allowances: Medical needs, court appearances, attorney visits, religious, employment |
| ☐ | Travel extended to: _____ |
| ☐ | Other: _____ |

Disposition:
Brady Order NOT given.
*Defendant not present; due to miscommunication with USMS.
*Defendant reset for Removal/PTD on 1/8/25 at 3:30pm before Duty Judge.

Time from today to _____ excluded from Speedy Trial Clock

**NEXT COURT APPEARANCE**  Date:  Time:  Judge:  Place:

Report RE Counsel:

PTD/Bond Hearing:

Prelim/Arraign or Removal: **1/8/25**  **1:30PM**  **DUTY JUDGE**  **MIAMI**

Status Conference RE:

D.A.R. **13:45:17**  Time in Court: **1 min**

s/Edwin G. Torres  Chief Magistrate Judge

# MINUTE ORDER

Page 1

## Magistrate Judge Edwin G. Torres

### King Building Courtroom 10-5    Date: 1/7/2025    Time: 3:30 p.m.

Defendant:  Oren Alexander         J#: 52667-511    Case #:  24-04616-MJ-D'ANGELO

AUSA: Timothy Abraham                    Attorney: Howard for Richard Klugh, Jr. (RETAINED)

Violation:  WARR/SD-NY/S-IND/Conspiracy to commit sex
trafficking by force, fraud, & coercion          Surr/Arrest Date:    YOB:

Proceeding:  Pretrial Detention/Removal Hearing      CJA Appt:

Bond/PTD Held: ☐ Yes  ☐ No      Recommended Bond:

Bond Set at: **STIP-Pretrial Detention**             Co-signed by:

☐ Surrender and/or do not obtain passports/travel docs

☐ Report to PTS as  directed/or _____ x's a week/month by
phone: _____ x's a week/month in person

☐ Random urine testing by Pretrial
Services                      _____

Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses, except through counsel

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or
Curfew _____ pm to _____ am, paid by _____

☐ Allowances: Medical needs, court appearances, attorney visits,
religious, employment

☐ Travel extended to:  _____

☐ Other:  _____

Language:  English

| Disposition: |
|---|
| Brady Order NOT given. |
| **Defendant waives removal. Waiver** |
| **executed.  The parties stipulate to** |
| **PTD w/th eright to revisit.** |
| **No hearing held.** |
| **Defendant ordered removed to the** |
| **district New York.** |
| |
| |
| |
| |
| |
| |

Time from today to _____ excluded
from Speedy Trial Clock

**NEXT COURT APPEARANCE**   Date:        Time:        Judge:              Place:

Report RE Counsel:

PTD/Bond Hearing:

Prelim/Arraign or Removal:

Status Conference RE:

D.A.R. **14:38:57**                    Time in Court:  **2 mins**

s/Edwin G. Torres                          Magistrate Judge

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Noticing AUSA CR TP/SR (usafls.transferprob@usdoj.gov), Richard
Carroll Klugh, Jr (allison.bradley@uprfirm.com, klughlawoffice@gmail.com,
rickklu@aol.com), Howard Milton Srebnick (blacksrebnick@ecf.courtdrive.com,
hreiner@royblack.com, hsrebnick@royblack.com), Lauren Alexandra Astigarraga
(andrea.samper@usdoj.gov, caseview.ecf@usdoj.gov, lauren.astigarraga@usdoj.gov,
usafls-hqdkt@usdoj.gov), Joel M. Denaro (jdenaro@joeldenarolaw.com), Magistrate Judge
Ellen F. D'Angelo (dangelo@flsd.uscourts.gov)
--Non Case Participants: United States Pretrial, Probation and PSIunit Office (Court Desk)
(flsp_cd@flsp.uscourts.gov)
--No Notice Sent:

Message-Id:25092026@flsd.uscourts.gov
Subject:Activity in Case 1:24-mj-04616-EFD USA v. Alexander et al Order
Setting/Resetting/Cancelling Hearing
Content-Type: text/html
```

## U.S. District Court

## Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered on 1/8/2025 at 1:28 PM EST and filed on 1/8/2025

| | |
|---|---|
| **Case Name:** | USA v. Alexander et al |
| **Case Number:** | 1:24-mj-04616-EFD |
| **Filer:** | |
| **Document Number:** | 30(No document attached) |

**Docket Text:**
 **PAPERLESS Order Cancelling Pretrial Detention Hearing as to Oren Alexander**

Upon stipulation of the parties, the pre-trial detention hearing set for 01/08/25 at 3:30 PM is cancelled.

Signed by Chief Magistrate Judge Edwin G. Torres on 1/8/2025. (MJS)


**1:24-mj-04616-EFD-2 Notice has been electronically mailed to:**

Noticing AUSA CR TP/SR &nbsp &nbsp Usafls.transferprob@usdoj.gov

Howard Milton Srebnick &nbsp &nbsp HSrebnick@RoyBlack.com, blacksrebnick@ecf.courtdrive.com,
hreiner@royblack.com

Joel M. Denaro &nbsp &nbsp jdenaro@joeldenarolaw.com

Lauren Alexandra Astigarraga &nbsp &nbsp lauren.astigarraga@usdoj.gov, Andrea.Samper@usdoj.gov,
CaseView.ECF@usdoj.gov, usafls-hqdkt@usdoj.gov

Richard Carroll Klugh , Jr &nbsp &nbsp rickklu@aol.com, allison.bradley@uprfirm.com,

klughlawoffice@gmail.com

**1:24–mj–04616–EFD–2 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Noticing AUSA CR TP/SR (usafls.transferprob@usdoj.gov), Richard
Carroll Klugh, Jr (allison.bradley@uprfirm.com, klughlawoffice@gmail.com,
rickklu@aol.com), Howard Milton Srebnick (blacksrebnick@ecf.courtdrive.com,
hreiner@royblack.com, hsrebnick@royblack.com), Lauren Alexandra Astigarraga
(andrea.samper@usdoj.gov, caseview.ecf@usdoj.gov, lauren.astigarraga@usdoj.gov,
usafls-hqdkt@usdoj.gov), Joel M. Denaro (jdenaro@joeldenarolaw.com), Magistrate Judge
Ellen F. D'Angelo (dangelo@flsd.uscourts.gov)
--Non Case Participants: United States Pretrial, Probation and PSIunit Office (Court Desk)
(flsp_cd@flsp.uscourts.gov)
--No Notice Sent:

Message-Id:25092039@flsd.uscourts.gov
Subject:Activity in Case 1:24-mj-04616-EFD USA v. Alexander et al Order
Setting/Resetting/Cancelling Hearing
Content-Type: text/html
```

### U.S. District Court

### Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered on 1/8/2025 at 1:31 PM EST and filed on 1/8/2025

| | |
|---|---|
| **Case Name:** | USA v. Alexander et al |
| **Case Number:** | 1:24-mj-04616-EFD |
| **Filer:** | |
| **Document Number:** | 31(No document attached) |

**Docket Text:**
 **PAPERLESS Order Setting Removal Hearing as to Oren Alexander**

A Removal Hearing for Defendant Oren Alexander is set for the Duty Calendar on 1/9/2025 at 01:30 PM in the Miami Division before Chief Magistrate Judge Edwin G. Torres.

Signed by Chief Magistrate Judge Edwin G. Torres on 1/8/2025. (MJS)


**1:24-mj-04616-EFD-2 Notice has been electronically mailed to:**

Noticing AUSA CR TP/SR &nbsp &nbsp Usafls.transferprob@usdoj.gov

Howard Milton Srebnick &nbsp &nbsp HSrebnick@RoyBlack.com, blacksrebnick@ecf.courtdrive.com, hreiner@royblack.com

Joel M. Denaro &nbsp &nbsp jdenaro@joeldenarolaw.com

Lauren Alexandra Astigarraga &nbsp &nbsp lauren.astigarraga@usdoj.gov, Andrea.Samper@usdoj.gov, CaseView.ECF@usdoj.gov, usafls-hqdkt@usdoj.gov

Richard Carroll Klugh , Jr &nbsp &nbsp rickklu@aol.com, allison.bradley@uprfirm.com, klughlawoffice@gmail.com

**1:24–mj–04616–EFD–2 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Noticing AUSA CR TP/SR (usafls.transferprob@usdoj.gov), Richard
Carroll Klugh, Jr (allison.bradley@uprfirm.com, klughlawoffice@gmail.com,
rickklu@aol.com), Howard Milton Srebnick (blacksrebnick@ecf.courtdrive.com,
hreiner@royblack.com, hsrebnick@royblack.com), Lauren Alexandra Astigarraga
(andrea.samper@usdoj.gov, caseview.ecf@usdoj.gov, lauren.astigarraga@usdoj.gov,
usafls-hqdkt@usdoj.gov), Joel M. Denaro (jdenaro@joeldenarolaw.com), Magistrate Judge
Ellen F. D'Angelo (dangelo@flsd.uscourts.gov)
--Non Case Participants: United States Pretrial, Probation and PSIunit Office (Court Desk)
(flsp_cd@flsp.uscourts.gov)
--No Notice Sent:

Message-Id:25092131@flsd.uscourts.gov
Subject:Activity in Case 1:24-mj-04616-EFD USA v. Alexander et al Order
Setting/Resetting/Cancelling Hearing
Content-Type: text/html
```

### U.S. District Court

### Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered on 1/8/2025 at 1:44 PM EST and filed on 1/8/2025

| | |
|---|---|
| **Case Name:** | USA v. Alexander et al |
| **Case Number:** | <u>1:24–mj–04616–EFD</u> |
| **Filer:** | |
| **Document Number:** | 32(No document attached) |

**Docket Text:**
 **PAPERLESS Order Resetting Removal Hearing as to Oren Alexander**

The Removal Hearing previously set for 1/9/2025 is now placed on the 1/8/2025 Duty Calendar in the Miami Division before Ch. Magistrate Judge Edwin G. Torres.

Signed by Chief Magistrate Judge Edwin G. Torres on 1/8/2025. (MJS)


**1:24–mj–04616–EFD–2 Notice has been electronically mailed to:**

Noticing AUSA CR TP/SR &nbsp &nbsp Usafls.transferprob@usdoj.gov

Howard Milton Srebnick &nbsp &nbsp HSrebnick@RoyBlack.com, blacksrebnick@ecf.courtdrive.com, hreiner@royblack.com

Joel M. Denaro &nbsp &nbsp jdenaro@joeldenarolaw.com

Lauren Alexandra Astigarraga &nbsp &nbsp lauren.astigarraga@usdoj.gov, Andrea.Samper@usdoj.gov, CaseView.ECF@usdoj.gov, usafls–hqdkt@usdoj.gov

Richard Carroll Klugh , Jr &nbsp &nbsp rickklu@aol.com, allison.bradley@uprfirm.com, klughlawoffice@gmail.com

**1:24–mj–04616–EFD–2 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No: 24-04616-MJ-D'ANGELO

United States of America
     Plaintiff,
    v.

                    Charging District's Case No.  24-CR-676

Oren Alexander,
     Defendant.
_____/

## WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS

I understand that I have been charged in another district, the **Southern District of New York.**

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;
(2)    an identity hearing to determine whether I am the person named in the charges;
(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;
(4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;
(5)    a hearing on any motion by the government for detention;
(6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my rights to: **(check those that apply)**

☐  An identity hearing and production of the warrant.

☐  A preliminary hearing.

☑  A detention hearing in the Southern District of Florida.

☑  An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district.  I request that those hearings be held in the prosecuting district, at a time set by that court.

    I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:  1/8/2025

                                  _____
                                  Defendant's Signature

                                  _____
                                  Edwin G. Torres
                                  United States Magistrate Judge

**United States District Court**
**Southern District of Florida**
Case No. 24-04616-MJ-D'ANGELO

UNITED STATES OF AMERICA,

     v.

                                Charging District's Case No. 24-CR-676

Oren Alexander,
(USM# 52667-511)
_____/

<u>COMMITMENT TO ANOTHER DISTRICT</u>

The defendant has been ordered to appear in the Southern District of New York.

Richard Klugh, Jr. **was appointed to represent Defendant for proceedings in this District.**

The defendant remains in custody after the initial appearance in the Southern District of Florida.

**IT IS ORDERED** that the United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

**DONE AND ORDERED** at Miami, Florida on 1/8/2025.

Edwin G. Torres
United States Magistrate Judge